UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAHEEN HAYES,

          **Plaintiff,**

v.                                              9:16-CV-1368

T. DAHKLE, *et al.*,

          **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

In his October 27, 2017 Report-Recommendation and Order [Dkt. No. 33], Magistrate Judge Hummel recommends that defendants' partial motion to dismiss [Dkt. No. 26] be granted "[i]nsofar as it seeks dismissal of plaintiff's claims against C.O. Dahkle, C.O. Hoffman, and C.O. Meier for verbal harassment and/or threats," and that these claims be dismissed with prejudice. Dkt. No. 33, p. 36. Magistrate Judge Hummel also recommends that defendants' partial motion be denied:

    (1) Insofar as it seeks dismissal of plaintiff's Eighth Amendment claim against
    C.O. Dahkle for sexual assault,

1

> (2) Insofar as it seeks dismissal of plaintiff's claims against Supt. Martuscello for verbal harassment and/or threats,
>
> (3) Insofar as it seeks dismissal of plaintiff's First Amendment claims against C.O. Meier and C.O. Hoffman for retaliation,
>
> (4) Insofar as it seeks dismissal of plaintiff's supervisory liability claims against Supt. Martuscello for C.O. Dahkle's verbal harassment and/or threats, [and]
>
> (5)[1] Insofar as it seeks dismissal of plaintiff's supervisory liability claims against Supt. Martuscello and DSS Shanley for C.O. Meier's retaliation.

*Id.*, pp. 36-37.

Defendants object to that portion of the Report-Recommendation and Order denying their motion "insofar as it seeks dismissal of plaintiff's supervisory liability claims against Supt. Martuscello for C.O. Dahkle's verbal harassment and/or threats." Obj., Dkt. No. 36)(quoting Dkt. No. 33, at p. 36).

## II.   STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate judge's findings.). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

---

[1] This sub-paragraph was enumerated as "(4)" in the Report-Recommendation and Order.

**III.   DISCUSSION**

   **a.   Defendants' Objection**

As Magistrate Judge Hummel correctly points out, "[a]bsent a subordinate's underlying constitutional violation, there can be no supervisory liability." Dkt. No. 33, at p. 30 (citing *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003); *Elek v. Inc. Vill. of Monroe*, 815 F. Supp. 2d 801, 808 (S.D.N.Y. 2011)).  The Court accepts and adopts Magistrate Judge Hummel's conclusion that C.O. Dahkle's statements "constitute vague threats that lack the specificity and seriousness 'to deter an inmate from exercising his First Amendment rights' as no real threat exists."  *Id.* p. 19 (quoting *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003)).  The Court also agrees with Magistrate Judge Hummel that C.O. Dahkle's statements and threats "do not qualify as constitutional violations because 'harassing comments and hostile behavior do not constitute adverse actions sufficient to state a retaliation claim.'" *Id.* p. 18 (quoting *Quezada v. Roy*, No. 14 Civ. 4056(CM), 2015 WL 5970355, at *21 (S.D.N.Y. Oct. 13, 2015)); *see also Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)("To prove a First Amendment retaliation claim under Section 1983, a prisoner must show that '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'")(quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004), *overruled on other grounds by Swierkiewicz v. Sorema, N. A.,* 534 U.S. 506, 560 (2002)).   Because the underlying claims against C.O. Dahkle for verbal harassment and/or threats will be dismissed, plaintiff cannot sustain supervisory liability claims against Supt. Martuscello for C.O. Dahkle's verbal harassment

and/or threats. Thus, Defendants' objection is sustained.

### b. First Amendment Retaliation Claims Against C.O. Langtry, C.O. Bence, and C.O. Coon

As indicated in the Report-Recommendation and Order, plaintiff concedes that he fails to allege legally viable First Amendment retaliation claims against defendants C.O. Langtry, C.O. Bence, and C.O. Coon. Dkt. No. 33, at 23 (citing Dkt. No. 30 at 20). Thus, Magistrate Judge Hummel recommends in the Discussion section that "plaintiff's retaliation claims against C.O. Langtry, C.O. Bence, and C.O. Coon be dismissed as plaintiff fails to provide any factual allegations to support a claim that these defendants violated his First Amendment rights." *Id.* at 25-26. This recommendation, however, does not appear in the Conclusion section of the Report Recommendation and Order.

Because plaintiff has already been given an opportunity to amend his complaint, and because he does not assert that there are any addition facts that would support legally plausible First Amendment retaliation claims against defendants C.O. Langtry, C.O. Bence, and C.O. Coon, these claims will be dismissed without leave to re-plead.

## IV. CONCLUSION

For the reasons discussed above, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Hummel's October 27, 2017 Report-Recommendation and Order **IN PART**, and **MODIFIES IT IN PART** in accordance with this decision.

Accordingly, defendants' partial motion to dismiss [Dkt. No. 26] is **GRANTED**:

(1) insofar as it seeks dismissal of plaintiff's claims against C.O. Dahkle, C.O. Hoffman, and C.O. Meier for verbal harassment and/or threats,

(2) insofar as it seeks dismissal of plaintiff's supervisory liability claims against Supt. Martuscello for C.O. Dahkle's verbal harassment and/or threats.

and

(3) insofar as it seeks dismissal of plaintiff's First Amendment retaliation claims against C.O. Langtry, C.O. Bence, and C.O. Coon.

These claims are **DISMISSED WITH PREJUDICE**.

Further, Defendants' partial motion to dismiss [Dkt. No. 26] is **DENIED**:

(1) Insofar as it seeks dismissal of plaintiff's Eighth Amendment claim against C.O. Dahkle for sexual assault,

(2) Insofar as it seeks dismissal of plaintiff's claims against Supt. Martuscello for verbal harassment and/or threats,

(3) Insofar as it seeks dismissal of plaintiff's First Amendment claims against C.O. Meier and C.O. Hoffman for retaliation,

and

(4) Insofar as it seeks dismissal of plaintiff's supervisory liability claims against Supt. Martuscello and DSS Shanley for C.O. Meier's retaliation.

**IT IS SO ORDERED.**

Dated: January 19, 2018

_____
Thomas J. McAvoy
Senior, U.S. District Judge