## CERTIFICATION

I, Rachael Seguin, being employed by the New York State Department of Corrections and Community Supervision (DOCCS) in the position of Assistant Director, Inmate Grievance Program, have reviewed the attached documents and hereby state and certify pursuant to New York CPLR 2307, 4518(c) and 4540, and FRE Rule 902, that they are the complete, true and exact copy of the grievance appeal packets CX-18961-16, CX-18983-16, CX-19053-16, CX-19054-16, CX-19094-16 and CX-19095-16 for inmate Taheen Hayes, #05-A-3850.  The attached records are maintained in the regular course of business of DOCCS and, with regard to the attached records that were created by employees of DOCCS, I certify that those records were made in the regular course of business of DOCCS; that it was in the regular course of business of DOCCS to make them at the time of the condition, act, transaction, occurrence or event documented in such records, or within a reasonable time thereafter;  and that the employees who created the records had a duty to truthfully record such condition, act, transaction, occurrence or event.

However, as to records which were not created specifically by employees of the DOCCS, and which were received from other agencies, departments, businesses or individuals, I certify only that the record is a true and accurate copy of the record contained or maintained in the grievance appeal packets CX-18961-16, CX-18983-16, CX-19053-16, CX-19054-16, CX-19094-16 and CX-19095-16 for inmate Taheen Hayes, #05-A-3850.

Witness my hand and seal on this ___10th___ day of __May__, 20 18 .

_Rachael Seg._
Rachael Seguin

Sworn to before me this
10th day of May    2018.

_Theresa Boulanger_
Notary Public

[apply seal]
**THERESA BOULANGER**
Notary Public, State of New York
Registration #01BO6289895
Qualified in Orange County
Commission Expires Oct 7, 20 21

| NEW YORK STATE Corrections and Community Supervision | Grievance Number CX-18983-16 | | Desig./Code I/49 | Date Filed 6/17/16 |
|---|---|---|---|---|
| | Associated Cases | | | Hearing Date 2/22/17 |
| ANDREW M. CUOMO Governor     ANTHONY J. ANNUCCI Acting Commissioner | Facility Coxsackie Correctional Facility | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Retaliation/False Misbehavior Report | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration, and that CO H... denies falsifying the grievant's 5/16/16 Tier II MBR. It is noted that the MBR has since been expunged. Further, the grievant's sexual harassment allegations were documented in accordance with the Department's PREA guidelines. CORC finds insufficient evidence of retaliation or malfeasance by staff.

Directive #4040, § 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure, and an inmate may pursue a complaint that a reprisal occurred through the grievance mechanism. Further, safety matters should be addressed to an area supervisor at that time for any remedial action warranted.

CORC notes that the grievant has since been transferred.

CMV/
-------------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

DEF0731

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE AND RECORD COVERSHEET

**GRIEVANCE NO:** CX-18983-16

**GRIEVANT NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Retaliation/Allegation ~~Allegation~~ _False MBR_

**GRIEVANCE CODE:** 49

**INSTITUTIONAL /DEPARTMENTAL:** Institutional

**DATE FILED:** 06-17-2016

**I.G.R.C. DATE:** Pass through to superintendent.

**SUPERINTENDENT DATE:** Pass through to C.O.R.C. per grievant request.

**APPEAL DATE:** 08-11-2016

**I.G.R.C. INVESTIGATION DATE: N/A**

**FACILITY POLICY: N/A**

**CAPTAIN DATE: N/A**

**SUPERVISOR DATE: N/A**

**EMPLOYEE DATE: N/A**

**PRIOR C.O.R.C.: N/A**

**OTHER: N/A**

**I.G.P.S SUPERVISORS SIGNATURE:** _Turpenaut, IGPS_

DEF0732

**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE HISTORY AND RECORD

**GRIEVANCE NO:** CX-18983-16

**GRIEVANT NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Retaliation Allegation

**GRIEVANCE CODE:** 49

**DATE FILED:** 06-17-2016

**DESCRIPTION OF PROBLEM:** The grievant alleges a false M.B.R. for retaliation to a grievance filed on a correction officer.

**ACTION REQUESTED:** To be made aware of disciplinary status of an M.B.R. that grievant states he did not have a hearing for. Grievant requests to be protected from further harassment, threats, and retaliation from correction officers. Further requested an investigation into all grievants written reports to the superintendent and deputy superintendent of security concerning his safety.

**IGRC RESPONSE:** Pass through to superintendent.

**SUPERINTENDENT RESPONSE:** Pass through to C.O.R.C. per grievant request.

**APPEAL STATEMENT:** The grievant requests to appeal to C.O.R.C. because of the superintendent's failure of to respond to Grievance CX-18983-16.

DEF0733

FROM: TAHEEN HAYES

DIN: 05A3850

CELL: S.H.U. 4

DATE: May-26-2016

CX-18983-16

(49) Retaliation Allegation

DESCRIPTION OF PROBLEM: ON MAY-16-2016 I WAS SERVED WITH A MISBEHAVIOR REPORT TIER II (2) WITH 3 CHARGES FROM CORRECTIONAL OFFICER K. HOFFMAN, WHILE LOCATED ON DIVISION A-3-31 CELL. THIS C.O. K HOFFMAN WROTE A FALSE TICKET WITH FALSE CHARGES WHICH I WAS KEEPLOCK FOR, HOWEVER I DID NOT RECEIVE A HEARING FOR NOR EVEN UP UNTIL NOW MADE AWARE WHAT'S GOING ON WITH THE HEARING. THE FALSE CHARGES & LANGUAGE OF C.O. K. HOFFMAN MISBEHAVIOR REPORT CLEARLY SHOWS THAT I WAS WRITTEN IN RETALIATION FOR ME WRITING A GRIEVANCE ON ANOTHER OFFICER AND REPORTING A SEXUAL ASSAULT THAT P.R.E.A AND O.S.I ARE CURRENTLY INVESTIGATING. I HAVE MADE SEVERAL ATTEMPTS TO AVOID THIS OR THE CONTINUOUS HARRASSMENT, THREATS AND OTHER FORMS OF RETALIATION AGAINST ME BY WRITING THE SUPERINTENDENT, D.S.S, OMH, SORC TO MAKE AWARE OF MY SITUATION AND NONE RESPONDED AND FAILED TO PROTECT ME.

ACTIONS REQUESTED: TO BE MADE AWARE OF MY DESPLINARY STATUS FROM C.O. K. HOFFMAN MISBEHAVIOR REPORT THAT I NEVER WENT TO A HEARING FOR TO BE PROTECTED FROM FURTHER HARRASSMENT, THREATS AND RETALIATION FROM C.O. T. DANKIE, C.O. K. HOFFMAN AND ALL OTHER COXSACKIE CORRECTIONAL →

CONTINUE PAGE 2 →

DEF0734

CONTINUATION OF ACTIONS REQUESTED: OFFICERS. FURTHER REQUEST IN INVESTIGATION INTO ALL MY WRITTEN REPORTS TO SUPERINTENDANT. AND D.S.S MAKING THEM AWARE CONTINOUSLY OF MY SAFETY, 8TH, 4TH AND 14TH CONSTITUTIONAL RIGHTS BEING VIOLATED.

M?

_____  OSA?85?
GRIEVANT.S NAME

DATE MAY-26-2016


_____
GRIEVANCE CLERK

6/17/16
DATE


C.C. FILE SUPERINTENDANT

OFFICE OF SPECIAL INVESTIGATION

PHYLLIS HARRISON-ROSS M.D. COMMISSIONER

PRISONER LEGAL SERVICE : JAMES BOGIN

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. CX-18903-16 | DATE FILED 06/17/16 |
|---|---|---|
| | FACILITY Coxsackie Correctional Facility | POLICY DESIGNATION Institution |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Retaliation allegation | CLASS CODE 49 |
| Daniel F. Martuscello Jr. SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE *[signature]* | DATE 8-26-16 |
| GRIEVANT HAYES, T | DIN 05-A-3850 | HOUSING UNIT SHU |

The Grievant alleges that he was issued a misbehavior report by Security staff containing false allegations because of a previously submitted grievance and reporting a sexual assault.

Based on the investigation, I find this grievance to be unsubstantiated. The Grievant provided no witnesses or evidence to support the allegations. Facility Security staff has gone on the record denying all allegations within this grievance. I find no evidence of malfeasance by staff.

This grievance is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

| | |
|---|---|
| GRIEVANT'S SIGNATURE | DATE |
| GRIEVANCE CLERK'S SIGNATURE | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

DEF0736

C/O. INMATE GRIEVANCE PROGRAM

FROM: TAHEEM HAYES #85A3850

Cell: SHU. 30

DATE: AUG.14.2016                    GRIEVANCE # CX-18983-16

DESCRIPTION OF PROBLEM: I WISH TO FILE A NOTICE OF
DECISION APPEAL, TO THE CORC BECAUSE OF THE
SUPERINTENDANT. FAILURE TO RESPOND TO MY GRIEVANCE
# CX-18983-16 DATE FILED JUNE-17-2016.

ACTION REQUESTED: TO APPEAL TO CORC.

_____                    _____
GRIEVANCE SIGN                                 AUG.14.2016
                                                      DATE

_____                    _____
GRIEVANCE CLERK.                               8/16/16
                                                      DATE



**NEW YORK STATE** | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO:       D. Martin, Captain

FROM:    R. Hotaling, Sergeant

DATE:    12 July 2016

SUBJECT:   Hayes 05A3850

Sir,

On this date at approximately 9:00AM, I (Sgt. Hotaling) began an investigation into a complaint submitted by inmate Hayes 05A3850 which states that he was written a misbehavior report by Officer Hoffman that contained false charges and statements.  Hayes further states that he never received said misbehavior report or a hearing for it.  Inmate Hayes is seeking an end from any and all alleged harassment by staff, retaliation and threats made.

During my interview of inmate Hayes, i asked him if he had anything to add to his original complaint and if he has any witnesses to support it.  He replied, "No."  I then asked Hayes if he has any evidence to supply me with to support his complaint.  Hayes replied, "No."  I then asked Hayes if he feels the need for protective custody and he replied, "No."

On 07/11/16, I interviewed Officer Hoffman regarding this complaint.  Officer Hoffman verbally and in writing denies any and all allegations written by inmate Hayes.  (See attached.)

As for inmate Hayes requesting Officer Dahlke stop harassing him, there is no mention of Officer Dahlke in the bod of his complaint.  However, I did speak with Officer Dahlke who verbally and in writing (See attached.) denies ever harassing inmate Hayes in any way, shape or form.

Based on my investigation of this matter, I can find no evidence to support inmate Hayes's accusations, nor are there any witnesses.  I can only determine that inmate Hayes received a misbehavior report by his own admission and is using the complaint/grievance procedure to retaliate against Officer's Hoffman and Dahlke.  As for inmate Hayes's request to be protected from staff, again he is trumping up a story to be used against staff due to him receiving a misbehavior report which resulted in him being keep-locked.

Respectfully Submitted,

R. Hotaling, Sergeant

DEF0738

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
AND COMMUNITY SUPERVISION
## COXSACKIE CORRECTIONAL FACILITY

DANIEL F. MARTUSCELLO, JR.
**SUPERINTENDENT**

## MEMORANDUM

TO: Captain Martin

FROM: C.O. K. Hoffman

DATE: 7-11-16

SUBJECT:

On the above date I C.O. K. Hoffman did write a misbehavior report on inmate Hayes #05A3850 The misbehavior report was written based on the behavior of inmate Hayes on the above date. I at notime made any fasle charges on my report

C.O. K. Hoffman

C.O. K. Hoffman

NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
AND COMMUNITY SUPERVISION
## COXSACKIE CORRECTIONAL FACILITY

DANIEL F. MARTUSCELLO, JR.
**SUPERINTENDENT**

MEMORANDUM

TO: Sgt. Hotaling

FROM: CO . T.Dehlke

DATE: 8/8/16

SUBJECT: Hayes 05A3850

Sir,
In response to a grievance written by inmate Hayes on 5/26/16. I CO. Dehlke have never at any time Harassed inmate Hayes, nor have I ever threatened him.

Respectfully Submitted,
CO T.Dehlke



**NEW YORK STATE**

## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner


## <u>MEMORANDUM</u>

TO:        Hayes, T. – 05A3850 – SH-UU-30S

FROM:    D. Martin, Captain

DATE:     August 10, 2016

SUBJECT:  Complaint regarding verbal abuse from officers

---

Our investigation of the above complaint has been completed by a security supervisor.

Due to the reason stated in the attached investigative memorandum I find that there is not enough supporting evidence for this complaint. Therefor this complaint is to be dismissed.


DM/jl
cc: File


Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2781 | www.doccs.ny.gov

DEF0741

**Vanbergen, Chris M (DOCCS)**

| | |
|---|---|
| **From:** | Surprenant, Tisha L (DOCCS) |
| **Sent:** | Thursday, February 16, 2017 9:29 AM |
| **To:** | Vanbergen, Chris M (DOCCS) |
| **Subject:** | FW: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17 |

As requested. Please see below.

**From:** Braccini, Albert M (DOCCS)
**Sent:** Thursday, February 16, 2017 9:28 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** RE: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

According to the tier office records, the ticket was expunged and reasons for such are not recorded.  It just was.

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Thursday, February 16, 2017 9:25 AM
**To:** Braccini, Albert M (DOCCS) <Albert.Braccini@doccs.ny.gov>
**Subject:** RE: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

Thanks!

**From:** Braccini, Albert M (DOCCS)
**Sent:** Thursday, February 16, 2017 9:17 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** RE: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

Reach out to Lt. Kneeland, he is the Discipline Lieutenant or to CO Stevenson ext. 5605 who pretty much runs the show down here and knows everything.

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Thursday, February 16, 2017 9:16 AM
**To:** Braccini, Albert M (DOCCS) <Albert.Braccini@doccs.ny.gov>
**Subject:** RE: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

Oh ok, thanks for your assistance. Who should I contact for this info for future reference?

**From:** Braccini, Albert M (DOCCS)
**Sent:** Thursday, February 16, 2017 9:16 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** RE: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

I do not handle tier 2 but I have our best people looking into it.

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Thursday, February 16, 2017 7:08 AM
**To:** Braccini, Albert M (DOCCS) <Albert.Braccini@doccs.ny.gov>
**Subject:** FW: CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

DEF0742

Good afternoon,

Would you be able to assist with the below listed request received from Central Office?

Thanks

**Tisha Surprenant**
Inmate Grievance Program Supervisor

**Department of Corrections and Community Supervision**
**Coxsackie Correctional Facility**
11260 State Route 9W, P.O. Box 200, Coxsackie, NY  12051
(518) 731-2781 Ext. 4700   I Tisha.Surprenant@doccs.ny.gov

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Wednesday, February 15, 2017 3:25 PM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

Good afternoon Tisha,

Do we know what happened to the 5/16/16 Tier II MBR authored by CO Hoffman?  CO Hoffman states it was written based on Hayes' behavior, but it is not in the system.  Some facilities keep a log, so hopefully you can tell me if it was dismissed/expunged and the reason.

This case is scheduled to be heard by CORC on 2/22/17.

This is due back by **2/22/17**.

Thank you,

**Chris VanBergen**
Acting Inmate Grievance Program Coordinator
Wende HUB

**Department of Corrections and Community Supervision**
Central Office, 845 Central Avenue, Albany, NY 12206-1514
(518) 457-4467 (T) I (518) 457-1891 (F) I Chris.VanBergen@doccs.ny.gov

www.doccs.ny.gov

DEF0743



# NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO:        **HAYES, T    05A3850    SHU-30**

FROM:   **IGP Supervisor**

DATE:    **August 15, 2016**

SUBJECT:  **Correspondence**

---

This is to acknowledge receipt of your most recent correspondence in regards to CX-18983-16, in which you are requesting to appeal directly to CORC.

In regards to the second portion of your request, you will be seen within the next week to address your Inmate Grievance concerns.

Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2781 | www.doccs.ny.gov

DEF0744

TO: MS. T. SURPRENANT, I.G.T. SUPERVISOR

FROM: MR. TAHEEM HAYES #05A3850
Cell: S.H.U 30
Date: Aug. 11. 2016

Greetings MS. Surprenant,

I AM RESPECTFULLY WRITING TO INQUIRE ABOUT YOUR NEXT VISIT TO THE S.H.U. I HAVE A FEW CONCERNS AND QUESTIONS I WOULD LIKE TO ASK. CAN YOU PLEASE MAKE A ROUND IN THE SPECIAL HOUSING UNIT.

ADDITIONALLY I WOULD LIKE TO ~~APPEAL MY GRIEVANCE~~. APPEAL FROM MY GRIEVANCE (CX-18983-16 RETALIATION ALLEGATION) STRAIGHT TO C.O.R.C. SINCE THE SUPERINTENDANT REFUSE TO RESPOND TO MY GRIEVANCE IN A TIMELY FASHION. HOW DO I DO SO?

Thank You Hope To Hear From You Soon...

Respectfully

[signature]

701.6 (g)

```
02/13/17            *** FPMS INMATE OVERVIEW ***              KINQM15
DIN 05A3850     NAME HAYES, TANERY                  NYSID ████████
FBI ████████    SEX MALE    DOB ████1986 ETHNIC NOT HISPANIC   RACE BLACK
STATUS IN CUSTODY      NEW COMMIT      ORIG DATE RECV 07/29/2005   CMC NO
CURR FAC CLINTON GEN   CELL 0C-04-02B  OWN FAC CLINTON GEN  DIS#
REL                                    DIS
T/O STATUS NONE                                     CUSTODIAL
  CRIMES   TOTAL CRIMES 0001                    COMMIT COUNTY
    MANSLAUGHTER 1ST              B               KINGS


  AGGREGATE TERM 0000 00 00  TO  0025 00 00     EARLIEST RELEASE DATE 10/07/2024
PH DATE/TYPE TENT RLSE   PE DATE    TAC DATE/TYPE COND REL  MAX EXP DT PRS ME DT
08/2024 CRC                         06/2024 INIT 10/07/2024 05/05/2028
WARRANT: FELONY WAR ( N ) MISDEMEANOR WAR ( N ) ICE ( N ) PENDING CHARGES ( N )
         SENTENCE OTHER AGENCY ( N )  DEF SENT ( N )  EXP DATE (         )
MOST SERIOUS PRI     NONE
DATE        TYPE OF SENT                    TERM          -
SECURITY CLASS MAX A  DATE 11/14/16 OTH SEC CHARS YES EXTENDED CLASS RSNS NO
UNUSUAL INCID YES MOST CURR 09/06/13 TOTAL INCD 005     MED PROB YES
PD PGM TAILOR GARMENT 4
REC LOC
                                    NEXT DIN:
                                    HTTP://PHOTOS/I.ASPX?D=05A3850

  <ENTER> CONTINUE <PF3> EXIT(FUNC) <PF4> RETURN        <CLEAR> EXIT(SYS)
```

DEF0746

## Vanbergen, Chris M (DOCCS)

**From:** Vanbergen, Chris M (DOCCS)
**Sent:** Wednesday, February 15, 2017 3:25 PM
**To:** Surprenant, Tisha L (DOCCS)
**Subject:** CX-18993-16 (Hayes, Taheen 05A3850) - Due 2/22/17

**Tracking:**

| Recipient | Delivery |
|---|---|
| Surprenant, Tisha L (DOCCS) | Delivered: 2/15/2017 3:25 PM |

Good afternoon Tisha,

Do we know what happened to the 5/16/16 Tier II MBR authored by CO Hoffman?  CO Hoffman states it was written based on Hayes' behavior, but it is not in the system.  Some facilities keep a log, so hopefully you can tell me if it was dismissed/expunged and the reason.

This case is scheduled to be heard by CORC on 2/22/17.

This is due back by **2/22/17**.

Thank you,

**Chris VanBergen**
Acting Inmate Grievance Program Coordinator
Wende HUB

**Department of Corrections and Community Supervision**
Central Office, 845 Central Avenue, Albany, NY 12206-1514
(518) 457-4467 (T) I (518) 457-1891 (F) I Chris.VanBergen@doccs.ny.gov

www.doccs.ny.gov

1

| NEW YORK STATE **Corrections and Community Supervision** | Grievance Number<br>CX-19053-16 | | Desig./Code<br>I/44 | Date Filed<br>7/25/16 |
|---|---|---|---|---|
| ANDREW M. CUOMO<br>Governor   ANTHONY J. ANNUCCI<br>Acting Commissioner | Associated Cases | | | Hearing Date<br>4/12/17 |
| | Facility<br>**Coxsackie Correctional Facility** | | | |
| **INMATE GRIEVANCE PROGRAM**<br>**CENTRAL OFFICE REVIEW COMMITTEE** | Title of Grievance<br>**IGRC Complaint/Verbal Statements** | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been investigated by the facility administration, and that ORC I... denies being unprofessional towards the grievant during an IGRC hearing on 7/12/16 or telling him he could not file grievances.

CORC notes that Directive #4040, § 701.1, states, in part, that the grievance program is not intended to support an adversary process. In addition, CORC upholds the discretion of the IGRC to determine the relevance and materiality of the evidence offered.

With respect to the grievant's appeal, CORC has not been presented with sufficient evidence of malfeasance by staff and notes that he has since been transferred.

MPS/

---------------------------------------------------------------------------------------------------------------------------

---------------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

DEF0748

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

## CASE AND RECORD COVERSHEET

**GRIEVANCE NO.:** CX-19053-16

RECEIVED
INMATE GRIEVANCE

**NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** IGRC Complaint/alleges verbal statements

**GRIEVANCE CODE:** 44

**INSTITUTIONAL/DEPARTMENTAL:** Institutional

**DATE FILED:** 07/25/2016

**I.G.R.C. HEARING DATE:** 08/16/2016

**SUPERINTENDENT RESPONSE DATE:** 09/12/2016

**APPEAL DATE:** 09/22/2016

**I.G.R.C. INVESTIGATION DATE:** N/A

**FACILITY POLICY:** N/A

**CAPTAIN DATE:** N/A

**SUPERVISOR DATE:** N/A

**EMPLOYEE DATE:** N/A

**PRIOR C.O.R.C.:** N/A

**OTHER:** N/A

**I.G.P. SUPERVISORS SIGNATURE:**



**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE HISTORY AND RECORD

**GRIEVANCE NO.:** CX-19053-16

**NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** IGRC Complaint/alleges verbal statements

**GRIEVANCE CODE:** 44

**DATE FILED:** 07/25/2016

**DESCRIPTION OF PROBLEM:** The grievant alleges that in the presence of the inmate grievance resolution committee, the acting IGP supervisor informed him that he would not personally file any grievances complaining about the superintendent.

**ACTION REQUESTED:** I ask and request a full investigation into this matter be looked at. That Mr. Iarruso, by his statements, stated openly in front of the entire IGRC committee, violate the grievance code of ethic and should be impeached from participating in any grievance activity's in the future.

**I.G.R.C. RESPONSE:** It should be noted that the inmate IGRC representatives and chairperson slightly disagree with some of the comments attributed to them in the investigation results. This is most likely due to interpretation, and no malfeasance on part of the investigator is alleged. Inmate IGRC representatives take the position that the acting IGPS/IGRC staff representatives misconduct in question, which was personally witnessed by IGRC inmates representatives and chairperson, violated the **IGRC Code of ethics, Sections A, B, G, and I.**

**SUPERINTENDENT RESPONSE:** The staff mentioned in this complaint was not the acting IGP supervisor at the time of the alleged incident: however, he was present as a "staff representative," for an unrelated grievance hearing for the above grievant. Grievant is advised that he may request a separate call out to the IGP supervisor to address any concerns he has in regards to grievances filed. However, for future instances, when he is called down to the IGRC office for a specific grievance hearing, he is not to hinder the grievance process, so that the facility may operate in accordance with **Directive No. 4040.** It appears that there was a miscommunication between all parties: however, I find no malfeasance by staff. The staff mentioned in this grievance has been counseled in this matter.

**APPEAL STATEMENT:** The results of my action requested were not granted and this matter has not been resolved.

CX-19053-16

INMATE GRIEVANCE PROGRAM

From: Tahmel S Hayes 05A3350

Cell: B-2-6

Date: July, 18, 2016          (44)  IGRC complaint·
                                    allege verbal statements

Description of problem: On July, 12, 2016 I was
Placed on a call-out. To be interviewed for a
Grievance I filed "main". This interview was conducted
by Mr. Iazzetti, Sgt. Hoar and three inmate Grievan.
Reps. Before this interview took place I ask for
Permission to address and inquire about my Grievances
that have not been filed or written close to a month
ago. Mr. Iazzetti stated in a angry and belligerent.
Tone I don't care about your Grievances and as far
as I'm concerned any Grievances complaining about
the Superintendent I would never personally file
Anyway...

Action requested: I ask and request that a full
Investigation into this matter is looked at,
that Mr. Iazzetti by his statements stated openly
in front of the entire I.G.R.C. Committe violate the
Grievance code of ethic and should be impeach
from participating in any Grievance activity's
in the future. This matter should be investigated
forth with, and all I.G.R.C members present should
be required to submit written statements as
to varacity of my claims.

Clen Hayes                    July 18, 2016
Grievan's Signature.         Date

(signature)                  7/25/16.
Grievant's Clerk             Date

C.C File

DEF0751



| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. CX-19053-16 | DATE FILED 07/25/16 |
|---|---|---|
| | FACILITY Coxsackie Correctional Facility | POLICY DESIGNATION Institution |
| **INMATE GRIEVANCE PROGRAM** Daniel F. Martuscello Jr. **SUPERINTENDENT** | TITLE OF GRIEVANCE IGRC complaint/Alleges verbal statements | CLASS CODE 44 |
| | SUPERINTENDENT'S SIGNATURE *[signature]* | DATE *9/12/16* |
| GRIEVANT HAYES, T | DIN 05-A-3850 | HOUSING UNIT SHU |

The Grievant alleges that in the presence of the Inmate Grievance Resolution Committee, the Acting IGP Supervisor informed him that he would not personally file any grievances complaining about the Superintendent.

The staff mentioned in this complaint was not the Acting IGP Supervisor at the time of the alleged incident; however, he was present as a "staff representative," for an unrelated grievance hearing for the above Grievant.

Grievant is advised that he may request a separate call out to the IGP Supervisor to address any concerns he has in regards to grievances filed. However, for future instances, when he is called down to the IGRC office for a specific grievance hearing, he is not to hinder the grievance process, so that the facility may operate in accordance with Directive #4040.

It appears that there was a miscommunication between all parties; however, I find no malfeasance by staff. The staff mentioned in this grievance has been counseled on this matter.

This grievance is accepted in part.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

THE RESULTS OF MY ACTION REQUESTED WAS NOT GRANTED AND THIS MATTER HAS NOT BEEN RESOLVED.

*[signature]*
GRIEVANT'S SIGNATURE

*[signature]*
GRIEVANCE CLERK'S SIGNATURE

SEPTEMBER 17, 2016
DATE

9/22/16
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)



ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

**TO:**       D. Barringer, Deputy Superintendent for Programs

**FROM:**   D. Dalton, Vocational Education Supervisor

**SUBJECT:**   Grievance #:CX-19053-16

**DATE:**     August 8, 2016

---

I have completed the above referenced grievance investigation.  During my investigation I interviewed Mr. Iarusso, Sgt. Muir, and the four Grievance Clerks that were present in the room when the grieved incident transpired.  The following is a summary of my findings.

- Mr. Iarusso claims that the inmate misunderstood what he was trying to tell him.  Mr. Iarusso stated that the inmate was asking about a grievance that was not a part of the proceedings that he was called to the Grievance Office to address on the date that this incident took place.  Mr. Iarusso states that he tried several times to tell the inmate that he would look into the other issue at a later time.  After Inmate Hayes persisted, Mr. Iarusso claims that as part of a broader exchange he told the inmate that he would not <u>personally</u> file a grievance against the Superintendent.  He states that the inmate mistook this for meaning that he would not file a grievance that an inmate had submitted against the Superintendent.  Mr. Iarusso also wrote the attached memorandum to me about his recollection of the exchange.

- Sgt Muir did not recall the particulars of what was being said during the exchange.  He did say that he did not recall the exchange being confrontational in nature.  He informed me that he recalled that the inmate was persistent about wanting to discuss the grievance that was unrelated to the hearing that he was called down to address.  Sgt. Muir did confirm that Mr. Iarusso did not raise his voice or get belligerent toward the inmate.

- With little deviation, all four inmate Grievance Clerks recounted that Mr. Iarusso did tell Inmate Hayes that he would never <u>personally</u> file a grievance against the Superintendent.  They also said that Inmate Hayes continued to press for an answer on a grievance that was unrelated to the grievance hearing that they were attempting to perform.  None of the clerks recalled the exchange getting belligerent.



**NEW YORK STATE**

## Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

TO:   D. Dalton,  Vocational Supervisor

FROM:   J. Iarusso, ORC

SUBJECT:   CX-19053-16

DATE: 7-28-16


On July 12, 2016, this writer was present as a "member" of the grievance committee and not as an Inmate Grievance Program Supervisor.  The grievant was present before a grievance hearing about the "SHU Mail" and was having anxiety about several grievances he allegedly filed.  This writer stated that I would look into the issues at a later time. The inmate continued to discuss other issues and was concerned about a complaint towards the Superintendent and this writer stated to inmate I believe I saw something about that and would look into it later.  The inmate continued to press about this complaint and demanded to know if it had been filed.  At this point one of the Inmate Grievance Representatives intervened and started the Grievance hearing about the "SHU Mail".

The grievant was placed on a call out for a specific hearing and hindered the Grievance Hearing process in Directive #4040.  He was wasting this writer along w/other committee "members" time due to discussing other irrelevant issues.

This writer acted in a professional manner and at no time displayed any anger or belligerence towards the said inmate or state that I would never file any grievances about the Superintendent.

Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200  |  (518) 731-2781  |  www.doccs.ny.gov

DEF0754



**NEW YORK STATE** | Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

**TO:**      HAYES, T      05-A-3850

**FROM:**   T. Surprenant, IGP Supervisor

**DATE:**   September 22, 2016

**SUBJECT:**  Letter in regards to appealing to the next level for (5) different grievances

In response to your letter requesting to appeal the below listed grievances is as follows:

**CX-19054-16:** This particular grievance will be forwarded to the Superintendent as requested, due to an untimely IGRC hearing.

**CX-19053-16:** The Superintendent responding to this particular grievance on September 13, 2016; therefore, you need to return the form back to our office with your appeal statement. Once this has been received, your grievance will be forwarded to CORC accordingly.

**CX-19095-16:** This particular grievance will be forwarded to CORC as requested within the next 5-7 business days.

**CX-19094-16:** This particular grievance will be forwarded to CORC as requested within the next 5-7 business days.

**CX-18983-16:** This particular grievance was already forwarded to CORC on August 23, 2016; therefore, any further inquiries should be directed to them.

Copies of any documents pertaining to your grievances on file must be addressed through the FOIL officer.

DEF0755

PEOPLE TALKEN V HALEY II CASES 2
Cell: Coxsackie Corr Fac.
S.Hw. #30

DATE: SEPT-10-2016

TO: MRS. T. SURPRENANT. I.G.P.SS
Coxsackie Corr Fac

*signature*
GRIEVANCE CLERK
9/20/16
DATE

GREETINGS,

I AM RESPECTFULLY WRITING TO INFORM YOU THAT THE
SUPERINTENDANT DANIEL MARTUSCELLO IS DELIBERATELY NOT RESPONDING
TO MY GRIEVANCES AND BLANTANTLY VIOLATION DIRECTIVE #
4040 WHICH PROVIDES INMATES WITH AN ORDERLY, FAIR, SIMPLE AND
EXPEDITIOUS METHOD OF RESOLVING GRIEVANCES PURSUANT TO THE
CORRECTION LAWSO I HAVE NOTIFY MESKATEN BELLAMY, I.G.P. DIRECTOR
ON SEVAI OCCASSION'S ABOUT MR. MARTUSCELLO NO RESPONSE TACTICS
NOW I AM MAKING YOU AWARE. DUE TO HIS UN-WILLINGNESS
TO RESPOND, I WOULD LIKE TO GO FORWARD WITH MY
COMPLAINT. AND APPEAL STRAIGHT TO C.O.R.C. I HAVE

5) FIVE GRIEVANCES THAT HAS UN-TIMELY BEEN UN-ANSWERED
TO BY SUPERINTENDANT. DANIEL MARTUSCELLO.

1) CX-19054-16   FILED: MONDAY, JULY 25, 2016;
I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

2) CX-19053-16   FILED: MONDAY, JULY 25, 2016;
I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

1 OF 2

DEF0756

3) CX-19095-16   FILED: TUESDAY, APRIL 09, 2016

   I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

4) CX-19094-16   FILED: TUESDAY, AUGUST 09, 2016

   I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

5) CX-18983-16   FILED: JUNE 16 2016 ;

   I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

ADDITIONALLY I WOULD LIKE SOME FORM OF WRITTEN
VERIFICATION THAT EACH OF THESE GRIEVANCES WAS
APPEALED STRAIGHT TO C.O.R.C. WITH THE DATE ATTACHED.

AS WELL AS A PRINT-OUT SHEET WHICH LIST EACH
& EVERY GRIEVANCES WRITTEN BY ME AND WHAT
DATE EACH GRIEVANCES WAS FILED, HEARD & APPEALED.

   THANK YOU ...

CC FILE
   KAREN BELLAMY I.G.P. DIRECTOR
   TAHEEN HAYES #05A3850

DATE: SEPTEMBER. 10. 2016

COXSACKIE C.F.

RESPECTFULLY
Taleu Hayes.

   TAHEEN HAYES
   # 05A3850

ATTACHMENT "A"

FORM 2141 (REV. 2/89)

**X.**

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

## IGRC CODE OF ETHICS

A Code of Ethics for IGRC staff and Inmate Representatives, Clerks, and Chairpersons has been established to strengthen the credibility and effectiveness of the Grievance Program. Violations of this code may result in dismissal from participation in the Grievance Program.

   A.   No member shall obstruct an inmate from exercising his or her right to file a grievance nor ridicule an inmate or his or her grievance.

   B.   A willing and tactful attitude is required in the performance of a member's duties.

   C.   No member shall expect or receive preferential treatment because of his or her participation in the Grievance Program.

   D.   Particular duties, responsibilities, and assignments shall not be abused by any member.

   E.   Members shall not disclose information of a confidential nature except where necessary in fulfilling their duties under the grievance mechanism.

   F.   Members shall be responsible for safekeeping grievance files and ensuring against unauthorized use.

   G.   No member of IGRC shall intentionally undermine the IGRC's operation or credibility.

   H.   Members of the IGRC shall have a working knowledge of the Inmate Grievance Program and their responsibilities as members.

   I.   Members shall obey all Institutional and Departmental Rules and Regulations.

I have read, understand and discussed the above Code of Ethics with the Grievance Supervisor

_____        _____
IGP Member                                                          Date

_____        _____
Grievance Supervisor                                            Date

```
04/07/17              INMATE TRANSFER SYSTEM                   KITSM32
07:29:27          3.2  - TRANSFER HISTORY INQUIRY
DIN: 05A3850    NAME: HAYES, TAHEEN              OWNING FAC: CLINTON GEN
  REFERRAL     SENDING        RECEIVING                 EFFECTIVE  REVIEW NUM /
   DATE       FACILITY         FACILITY       STATUS RC   DATE        ANALYST
 11/01/16  UPSTATE SC     CLINTON GEN       CLOSED 44  11/28/16  1684801155
        REASON: PROGRAM PURPOSES-GEN CONFINE                     CCLMMLA
 10/12/16  COXSACKIE      UPSTATE SC        CLOSED 17  10/27/16  1613005289
        REASON: SHU TO SHU                                       CCLMMXA
 12/30/15  COXSACKIE      EASTERN GEN       CANCEL 01  10/03/16  1513006409
        REASON: UNSUIT POOR DISCIPLINARY                         CCLMJLK
 01/14/15  ATTICA GEN     COXSACKIE         CLOSED 60  12/22/15  1400007470
        REASON: AREA OF PREFERENCE                               CCLMTSF
 10/29/13  UPSTATE SC     ATTICA GEN        CLOSED 44  12/02/13  1384801222
        REASON: PROGRAM PURPOSES-GEN CONFINE                     CCLMMXA
 08/20/13  GRN HAVN GEN   UPSTATE SC        CLOSED 17  10/03/13  1308007730
        REASON: SHU TO SHU                                       CCLMJWC
 06/23/10  AUBURN GENER   GRN HAVN GEN      CLOSED 60  07/06/10  1001004212
        REASON: AREA OF PREFERENCE                               CCLMBAS
 02/26/10  AUBURN GENER                     DENIAL 06  03/04/10  1001001067
        REASON: POOR CUSTODIAL ADJUSTMENT                        CCLMBAS
                                                   NEXT DIN: _____

   <ENTER>      <PF3> EXIT(FUNCT)       <PF4> RETURN      <CLEAR> EXIT(SYSTEM)
```

DEF0759

FORM 2131E (REV. 6/06)

NAME: HAYES, T.          DIN:  05-A-3850          HOUSING:  B-2-6

GRIEVANCE NO.: CX-19053-16

## IGRC RESPONSE:

Upon a full hearing of all the facts, circumstances and evidence presented in this case, this Committee is DEADLOCKED.

Grievant is complaining about an Acting IGPS/IGRC Staff Representative (Mr. I.) stating *"I don't care about your grievances, and as far as I'm concerned any grievances complaining about the Superintendent, I would never personally file anyway..."* in response to Grievant's inquiry about a Harassment Grievance he had Submitted to the IGRC Office during said Acting IGPS's tenure. This incident occurred during an IGRC hearing for an unrelated incident, in the presence of the entire IGRC, during which the staff member in question was acting as an IGRC Staff representative.

Grievant requested that this matter be fully investigated, and that written statements be acquired from all IGRC members (inmates and staff). All inmate IGRC Representatives and the Chairperson were interviewed in the IGRC Office together, and have submitted the requested written statements within this Response.

It should be noted that the Inmate IGRC Representatives and Chairperson slightly disagree with some of the comments attributed to them in the investigation results. This is most likely due to interpretation, and no malfeasance on the part of the investigator is alleged. However, Inmate IGRC Representatives and the Chairperson clearly heard the Acting IGPS/IGRC Staff Representative state in response to the Grievant's inquiry about his harassment grievance: *"I threw that [grievance] out. I'm not filing a grievance against the Superintendent. I don't care, I'll say it on the record. Personally, I will never file a grievance against the Superintendent."*

Inmate IGRC Representatives take the position that the Acting IGPS/IGRC Staff Representatives misconduct in question, which was personally witnessed by IGRC Inmate Representatives and Chairperson, violated the **IGRC Code of Ethics, Sections A, B, G, and I**, diminishing the IGRC Representative's confidence in the Acting IGPS/IGRC Staff Representative beyond repair. Accordingly, Inmate IGRC Representatives recommend that consideration be given to *"dismissal from participation in the Grievance Program,"* for said Acting IGPS/IGRC Staff Representative.

Staff IGRC Representatives  take no position.

Date Returned To Inmate: 5/18/2016          IGRC MEMBERS:

Chairperson: _____

Return within 7 Days and check appropriate boxes.

[ ]  I disagree with the IGRC response and wish to appeal to the Superintendent.

[✓]  I agree with the IGRC response and wish to appeal to the Superintendent.

[ ]  I agree with the IGRC response and do not wish to appeal.

[✓]  I have reviewed deadlocked response, Pass-Thru to Superintendent.

[ ]  I apply to the IGP Supervisor for review of dismissal.

Signed: _____  5-17-2016
Grievant                              Date

Hearing Date: 5/16/2016

_____  5/18/2016
Grievance Clerk's Receipt          Date

To be completed by Grievance Clerk.

Grievance Appealed to Superintendent: 5/18/2016
Date

Grievance forwarded to the Superintendent for action: _____

| NEW YORK STATE Corrections and Community Supervision | Grievance Number CX-19054-16 | Desig /Code I/12 | Date Filed 7/25/16 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 5/3/17 |
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Coxsackie Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Loss Of Program | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant's allegations of retaliation for filing a PREA complaint have been reported in accordance with the Department's PREA guidelines, and advises him to address any further concerns to the Office of Special Investigations.  It is noted that he was removed from the messhall effective 5/22/16 after receiving multiple Tier III MBR's, and he should address programming issues to his assigned ORC at his current facility for the most expeditious means of resolution.

Further, Directive #4040, § 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure and an inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.

CMV/

-----------------------------------------------------------------------------------------------------------------------

-----------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Karen R. Bellamy

DEF0761

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

### CASE AND RECORD COVERSHEET

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

OCT 21 2016

RECEIVED
INMATE GRIEVANCE

**GRIEVANCE NO.:** CX-19054-16

**NAME:** Hayes, T.

**DIN NO:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Loss of program

**GRIEVANCE CODE:** 12

**INSTITUTIONAL/DEPARTMENTAL:** Institutional

**DATE FILED:** 07/25/2016

**I.G.R.C. HEARING DATE:** Pass through to superintendent 09/22/2016

**SUPERINTENDENT RESPONSE DATE:** 10/3/2016

**APPEAL DATE:** 10/11/2016

**I.G.R.C. INVESTIGATION DATE:** N/A

**FACILITY POLICY:** N/A

**CAPTAIN DATE:** N/A

**SUPERVISOR DATE:** N/A

**EMPLOYEE DATE:** N/A

**PRIOR C.O.R.C.:** N/A

**OTHER:** N/A

**I.G.P. SUPERVISORS SIGNATURE:** _____

DEF0762

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE HISTORY AND RECORD

**GRIEVANCE NO.:** CX-19054-16

**NAME:** Hayes, T.

**DIN NO:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Loss of program

**GRIEVANCE CODE:** 12

**DATE FILED:** 07/25/2016

**DESCRIPTION OF PROBLEM:** The grievant alleges that he was removed from his mess hall job as a means of retaliation for filing a PREA complaint.

**ACTION REQUESTED:** That I be restored back to my program that I was removed from, and that no further retaliation is taken place against me.

**I.G.R.C. RESPONSE:** Pass through to the superintendent 09/22/2016

**SUPERINTENDENT RESPONSE:** The grievant was removed from his job in the mess hall in accordance with the, "policy, procedures and standards for programming offenders" manual. Therefore, he will not receive back pay, as he is not entitled to it. As indicated in *Directive # 4803, Inmate program placement*, a program and/or work assignment is provided at the discretion of facility administration. The grievant's allegations of retaliation and/or intimidation or any form of misconduct mentioned in this grievance are without merit.

**APPEAL STATEMENT:** I am appealing because I disagree with this decision.

CX-19054-16

FROM: TALLEEN HAYES #DIN#I6A0755
CELL: C-2-29
DATE: JUNE-15-2016

DESCRIPTION OF PROBLEM: ON JUNE, 11, 2016 I WROTE A GRIEVANCE CONCERNING THE TAKING AWAY OF MY PROBLEM (MESS-HALL), WHICH IS BLATANT RETALIATION FOR MY FILING A PREA COMPLAINT ON APRIL, 17, 2016

THEN ON JUNE-13-2016, I WAS SUMMONED TO THE CAPTAIN OFFICE, WHEN I RECEIVED THERE THE SUPERINTENDANT AND D.S.S, WAS THERE AND DID NOT WANT TO DISCUSS MY GRIEVANCE BUT, INSTEAD APPEARED TO BE BADGERING AND ATTEMPTING TO INTIMIDATE ME, THE SUPERINTENDANT, ACTUALLY DISCUSSED OR PLAYED UP, THIS DISCUSSION TO APPEAR TO BE ABOUT MY PROBLEM. I FELT AND THE REST OF THE CONVERSATION WAS, HE WAS NOT GOING TO ALLOW ME A PROGRAM, THAT HE AND D.S.S TOOK MY PROGRAM THEN CONTRADICTED THIS ASSERTION WHEN SAY "MESS-HALL FIRED ME". WHEN I POINTED OUT THIS CONTRADICTION, SUPERINTENDANT. GOT NASTY AND STATED "THE BUCK STOP WITH ME AND I MAKE ALL FINAL DECISION, NO MATTER WHAT YOU DO AND WHO YOU WRITE" WHEN I ATTEMPTED TO EXPLAIN THAT ALL THE CELL-MOVEMENTS, PROGRAM CHANGE AND FALSE MISBEHAVIOR REPORTS ARE ALL BLATANT AND DELIBERATE RETALIATION AND IN VIOLATIONS OF THE PREA LAWS AND STATUTES HE THREATENED TO INVOKE THE DEFFERED TIME OVER MY HEAD FOR A PASS (TRUMPED UP, RETALIATED MISBEHAVIOR REPORT. I THEN STATED, "I THOUGHT WE WAS HERE BOUT MY PROGRAM AND NOW YOUR THREATENING ME. BEFORE I WAS DISMISSED D.S.S STATED "HAYES YOU'RE GOING TO CRASH AND BURN.

ACTION'S REQUESTED: THAT THIS GRIEVANCE IS INVESTIGATED

By Albany Office as well as the Superintendent
and D.S.S are the heads of this facility and no-one here at
Coxsackie Corr.Fac would. Fairly investigate this incident.
That I be restore back to my program which was Tooken
without reasons or disciplinary action but instead for
retaliation. I further ask that no further retaliation
is taken place against me, by Superintendent, D.S.S, or any
C.O or staff member working in this facility.

_____
Grievance Sign

_____
June-15-2016
Date

_____
Grievance Clerk

_____
7/25/16
Date

C. File

Anthony J. Annucci, Acting Commissioner
Office of The Inspector General

DEF0765

| NEW YORK STATE **Corrections and Community Supervision** | GRIEVANCE NO.<br>CX-19054-16 | DATE FILED<br>12 |
|---|---|---|
| | FACILITY<br>Coxsackie Correctional Facility | POLICY DESIGNATION<br>Institutional |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE<br>Loss of program | CLASS CODE<br>12 |
| Daniel F. Martuscello Jr.<br>**SUPERINTENDENT** | SUPERINTENDENT'S SIGNATURE<br>*Martuscello* | DATE<br>10-3-16 |
| GRIEVANT<br>HAYES, T | DIN<br>05-A-3850 | HOUSING UNIT<br>SHU |

The grievant alleges that he was removed from his mess hall job as a means of retaliation for filing a PREA complaint.

Based on the investigation, I find this grievance to be without merit. The grievant was removed from his job in the mess hall in accordance with the, "Policy, Procedures and Standards for Programming Offenders" manual. Therefore, he will not receive back pay, as he is not entitled to it. As indicated in Directive # 4803, Inmate Program Placement, a program and/or work assignment is provided to an inmate at the discretion of facility administration. The grievant's allegations of retaliation and/or intimidation or any form of misconduct mentioned in this grievance are without merit.

This grievance is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

I'm APPEALING BECAUSE I DISAGREE WITH THIS DECISION.

_____
GRIEVANT'S SIGNATURE

_____
GRIEVANCE CLERK'S SIGNATURE

10-6-2016
DATE

10-11-16
DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

DEF0766

## Vanbergen, Chris M (DOCCS)

| | |
|---|---|
| **From:** | Vanbergen, Chris M (DOCCS) |
| **Sent:** | Friday, April 28, 2017 10:47 AM |
| **To:** | DOCCS.sm.SpecialInvestigations |
| **Subject:** | CX-19054-16 (Hayes, Taheen 05A3850) |
| **Attachments:** | CX-19054-16.pdf |

| **Tracking:** | **Recipient** | **Delivery** |
|---|---|---|
| | DOCCS.sm.SpecialInvestigations | Delivered: 4/28/2017 10:47 AM |

Good morning,

Attached is a grievance from Hayes 05A3850 alleging the DSS and Superintendent were retaliating against him on 6/13/16 for filing a PREA complaint on 4/17/16.  It appears that this is related to complaint #185436, which is also alleging retaliation by security staff for that PREA complaint.  I am forwarding this to your office for whatever action is deemed appropriate

Thank you,

**Chris VanBergen**
Inmate Grievance Program Coordinator
Wende HUB

**Department of Corrections and Community Supervision**
Central Office, 845 Central Avenue, Albany, NY 12206-1514
(518) 457-4467 (T) I (518) 457-1891 (F) I Chris.VanBergen@doccs.ny.gov

www.doccs.ny.gov

1

DEF0767



NEW YORK STATE Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**TO:**       T. Surprenant, IGRC

**FROM:**   ███ Crystal, SORC

**DATE:**    September 19, 2016

**SUBJECT:** Grievance CX- CX-19054-16   05-A-3850 Hayes, Taheen

Grievant is claiming he was removed from his assignment to the Mess Hall for an unknown reason.

On 5/17/16, inmate was issued a Tier 3 Misbehavior Report for Creating a Disturbance and Refusing a Direct Order ( see attached disciplinary history). As a result of this Misbehavior Report, inmate was confined pending his Disciplinary Hearing and subsequent disposition. The following day, on 5/17/16, inmate was issued another Tier 3 Misbehavior Report for Creating a Disturbance, Interference, Refusing a Direct Order, and Threats. Although he was given a Suspended Sentence on both Misbehavior Reports at his Hearings on 6/2/16 and 6/9/16, he was unable to work at his assignment for 23 days. Inmate was removed from his assignment on 5/22/16 ( see attached Program History) , pending a disposition.

Upon missing work for the 23 days, he was removed and given another assignment to the Utility Crew. Inmate will not be returned to the Mess Hall or given back pay, as the reason for his removal was within Programming Guidelines. As a result of this, I find this Grievance to be moot and should be dismissed.

DB/nc

.

Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2791 | www.doccs.ny.gov

DEF0768

```
13:48:09 Monday, September 19, 2016
                         INMATE PROGRAM ASSIGNMENT                    KIPYM58
                              INQUIRY SCREEN
                       CURRENT FACILITY: 130 - COXSACKIE
               DIN: 05A3850   NAME: HAYES, TAHEEN
  TITLE PORTER II                    ITEM 133972   FAC COXSACKIE
    SHOP M BLOCK                      FROM 05/23/16 TO 05/29/16  P.M.     $  .1583
  END REASON: DISCIPLINARY                                             MTWTFSS
                                                                      YYYYY__

  TITLE INDUSTRIES WORKER III        ITEM 921904   FAC COXSACKIE
    SHOP PRE-INDUSTRIAL TRAINING      FROM 04/11/16 TO 05/22/16 AM/PM    $  .3500
  END REASON: SECURITY                                                 MTWTFSS
                                                                      YYYYY__

  TITLE INDUSTRIES WORKER I          ITEM 922962   FAC COXSACKIE
    SHOP IND. FOOD SERVICE-NON TRAINING FROM 01/25/16 TO 04/10/16 AM/PM $  .1600
  END REASON: INAPPR PLCMNT                                           MTWTFSS
                                                                      YYYYY__

  TITLE UNKNOWN                       ITEM 042850   FAC COXSACKIE
    SHOP UNEMPLOYED/UNASSIGNED (2)    FROM 01/18/16 TO 01/24/16 AM/PM    $  .0750
  END REASON: INITIAL ASSIGN                                          MTWTFSS
                                                                      YYYYY__


     PRESS <PF1> - MENU, <PF7> - SCROLL BACKWARD, <PF8> - SCROLL FORWARD
```

DEF0769

```
12:14:56 Monday, September 19, 2016
 09/19/16  C130NDC        DISCIPLINARY SYSTEM              KDCPM4:
 12:14:45  C130N049        130   COXSACKIE                 PAGE    2
                    DISCIPLINARY INCIDENT SUMMARY    MANUAL RECS N

DIN:  05A3850    NYSID: ▮▮▮▮▮▮    NAME:  HAYES, TAHEEN
CURRENT FACILITY:  130  COXSACKIE    CURRENT HOUSING LOCATION:  SH-UU-030
----------------------------------------------------------------------
  TIER 3  INCIDENT: 05/17/16 07:24 AM  CO   JAMES, B S         COXSACKIE
          HEARING : 06/02/16 04:30 PM  CHO  BRACCINI, A M      COXSACKIE
          APPEAL  : 08/30/16 AFFIRMED  DIR  VENETTOZZI         CENTRAL OFF
  104.13 CREATE DISTURB    107.10 INTERFERENCE    106.10 DIRECT ORDER
  102.10 THREATS
      90D PACKAGE     COMMISSARY  PHONE    SERVICE DTES 05/17/16 08/15/16
      90D SHU                                        SUSPD TO 11/29/16
----------------------------------------------------------------------
  TIER 3  INCIDENT: 05/16/16 06:30 PM  CO   MEIER, J A         COXSACKIE
          HEARING : 06/09/16 03:15 PM  CHO  BRACCINI, A M      COXSACKIE
  104.13 CREATE DISTURB    106.10 DIRECT ORDER
      30D KEEPLOCK    PACKAGE     COMMISSARY  PHONE    SUSPD TO 12/06/16
----------------------------------------------------------------------
                                              NEXT DIN:


 <CURSOR + ENTER> INC DETAIL
 <ENTER>    <PF3>  EXIT(FUNCT)      <PF7>  BACKWARD     <CLEAR>  EXIT(SYSTEM)
```

DEF0770

```
 04/26/17                *** FPMS INMATE OVERVIEW ***                KINQM15
 DIN 05A3850      NAME HAYES, TAHEEN                    NYSID ███████
 FBI ███████    SEX MALE    DOB ██████ 1986 ETHNIC NOT HISPANIC   RACE BLACK
 STATUS IN CUSTODY    NEW COMMIT     ORIG DATE RECV 07/29/2005   CMC NO
 CURR FAC CLINTON GEN   CELL 0C-04-02B   OWN FAC CLINTON GEN   DIS#
 REL                                        DIS
 T/O STATUS NONE                                     CUSTODIAL
   CRIMES    TOTAL CRIMES 0001                       COMMIT COUNTY
        MANSLAUGHTER 1ST              B                   KINGS


 AGGREGATE TERM 0000 00 00  TO  0025 00 00    EARLIEST RELEASE DATE 10/07/2024
 PH DATE/TYPE TENT RLSE  PE DATE     TAC DATE/TYPE COND REL   MAX EXP DT PRS ME DT
 08/2024 CRC                    06/2024 INIT 10/07/2024 05/05/2028
 WARRANT: FELONY WAR ( N ) MISDEMEANOR WAR ( N ) ICE ( N ) PENDING CHARGES ( N )
          SENTENCE OTHER AGENCY ( N )  DEF SENT ( N )  EXP DATE (          )
 MOST SERIOUS PRI       NONE
 DATE        TYPE OF SENT                     TERM          -
 SECURITY CLASS MAX A  DATE 11/14/16 OTH SEC CHARS YES EXTENDED CLASS RSNS NO
 UNUSUAL INCID YES MOST CURR 09/06/13 TOTAL INCD 005    MED PROB YES
 PD PGM TAILOR GARMENT 4
 REC LOC
                                         NEXT DIN:
                              HTTP://PHOTOS/I.ASPX?D=05A3850

   <ENTER> CONTINUE <PF3> EXIT(FUNC) <PF4> RETURN          <CLEAR> EXIT(SYS)
```



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**TO:** HAYES, T   05-A-3850

**FROM:** T. Surprenant, IGP Supervisor

**DATE:** September 22, 2016

**SUBJECT:** Letter in regards to appealing to the next level for (5) different grievances

In response to your letter requesting to appeal the below listed grievances is as follows:

**CX-19054-16:** This particular grievance will be forwarded to the Superintendent as requested, due to an untimely IGRC hearing.

**CX-19053-16:** The Superintendent responding to this particular grievance on September 13, 2016; therefore, you need to return the form back to our office with your appeal statement. Once this has been received, your grievance will be forwarded to CORC accordingly.

**CX-19095-16:** This particular grievance will be forwarded to CORC as requested within the next 5-7 business days.

**CX-19094-16:** This particular grievance will be forwarded to CORC as requested within the next 5-7 business days.

**CX-18983-16:** This particular grievance was already forwarded to CORC on August 23, 2016; therefore, any further inquiries should be directed to them.

Copies of any documents pertaining to your grievances on file must be addressed through the FOIL officer.

Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2781 | www.doccs.ny.gov

DEF0772

CELL. COXSACKIE CORR FAC

S.HU. #30

DATE: SEPT-10-2016

10. MRS. T. SURPRENAN. I.G.P. Ss
COXSACKIE CORR FAC

_____
GRIEVANCE CLERK
9/20/16
DATE

GREETINGS,

I AM RESPECTFULLY WRITING TO INFORM YOU THAT THE
SUPERINTENDANT. DANIEL MARTUSCELLO IS DELIBERATELY NOT RESPONDING
TO MY GRIEVANCES AND BLANTANTLY VIOLATION DIRECTIVE #
1040 WHICH PROVIDES INMATES WITH AN ORDERLY, FAIR, SIMPLE AND
-XPEDITIOUS METHOD OF RESOLVING GRIEVANCES PURSUANT TO THE
DIRECTION HAWSO I HAVE NOTIFY MESKAREN BELLAMY, I.G.P. DIRECTOR
S SERVAL OCCASSIONS ABOUT MR. MARTUSCELLO NO RESPONSE TACTIC'S
TO I AM MAKING YOU AWARE. DUE TO HIS UN-WILLINGNESS
O RESPOND, I WOULD LIKE TO GO FORWARD WITH MY
OMPLAINT. AND APPEAL STRAIGHT TO C.O.R.C. I HAVE.

) FIVE GRIEVANCES THAT HAS UN-TIMELY BEEN UN-ANSWERED
TO BY SUPERINTENDANT. DANIEL MARTUSCELLO .

) CX-19054-16    FILED. MONDAY, JULY 25, 2016 !
I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

) CX-19053-16    FILED. MONDAY, JULY 25, 2016 :
I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

1 OF 2

DEF0773

I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

4) CX-19094-16      FILED: TUESDAY, AUGUST 09, 2016

I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

5) CX-18983-16       FILED: JUNE 16 2016

I WOULD LIKE TO APPEAL STRAIGHT TO C.O.R.C.

_____

ADDITIONALLY I WOULD LIKE SOME FORM OF WRITTEN JUSTIFICATION THAT EACH OF THESE GRIEVANCES WAS APPEALED STRAIGHT TO C.O.R.C. WITH THE DATE ATTACHED. AS WELL AS A PRINT-OUT SHEET WHICH LIST EACH & EVERY GRIEVANCES WRITTEN BY ME AND WHAT DATE EACH GRIEVANCES WAS FILED, HEARD & APPEALED.

THANK YOU ...

C FILE

KAREN BELLAMY I.G.P. DIRECTOR

TAHEEN HAYES #05A3850

DATE: SEPTEMBER. 10. 2016

OSACKIE. C.F.

RESPECTFULLY

Tahee Hayes.

TAHEEN HAYES
#05A3850

DEF0774

| NEW YORK STATE Corrections and Community Supervision | Grievance Number CX-19094-16 | Desig /Code I/49 | Date Filed 8/9/2016 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 5/31/2017 |
| ANDREW M. CUOMO  Governor       ANTHONY J. ANNUCCI  Acting Commissioner | Facility Coxsackie Correctional Facility | | |
| INMATE GRIEVANCE PROGRAM  CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Assault | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was involved in an appropriately documented Use of Force (UOF) on 7/30/16 for assault on staff, and was issued a Tier III misbehavior report (MBR) which was upheld upon appeal by the Office of Special Housing/Inmate Discipline on 12/20/16. He was seen promptly by medical staff for a laceration above his right eye, and transported to an outside hospital for further evaluation. CO's B..., C..., L..., and M... deny assaulting and threatening him, or using inappropriate language, and indicate that only the amount of force necessary to gain compliance was used. In addition, CX-18983-16, alleging a false MBR issued on 5/16/16, was answered by CORC on 2/22/17. It is further noted that his allegations of retaliation for reporting sexual harassment were handled in accordance with the Department's PREA guidelines.

CORC advises him to address block issues with supervisory staff, at that time, for the most expeditious means of resolution and upholds the discretion of the facility administration to determine when to review videotapes for grievance investigations based on security concerns, unusual incidents, etc.

With regard to the grievant's appeal, CORC notes that the investigation was conducted in accordance with Directive #4040 and that he has since been transferred.

TAB/

-------------------------------------------------------------------------------------------------------------------
-------------------------------------------------------------------------------------------------------------------

This document has been electronically signed by Karen R. Bellamy

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE AND RECORD COVERSHEET

NYS DEPT OF
CORRECTIONS AND
COMMUNITY SUPERVISION

OCT 1 3 2016

RECEIVED
INMATE GRIEVANCE

**GRIEVANCE NO.:** CX-19094-16

**NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Alleged assault

**GRIEVANCE CODE:** 49

**INSTITUTIONAL/DEPARTMENTAL:** Institutional

**DATE FILED:** 08/09/2016

**I.G.R.C. HEARING DATE:** Pass through to superintendent

**SUPERINTENDENT RESPONSE DATE:** 09/29/2016

**APPEAL DATE:** 09/20/2016

**I.G.R.C. INVESTIGATION DATE:** N/A

**FACILITY POLICY:** N/A

**CAPTAIN DATE:** N/A

**SUPERVISOR DATE:** N/A

**EMPLOYEE DATE:** N/A

**PRIOR C.O.R.C.:** N/A

**OTHER:** N/A

**I.G.P. SUPERVISORS SIGNATURE:** _____

**STATE OF NEW YORK**
**DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**COXSACKIE CORRECTIONAL FACILITY**
**INMATE GRIEVANCE RESOLUTION PROGRAM**

## CASE HISTORY AND RECORD

**GRIEVANCE NO.:** CX-19094-16

**NAME:** Hayes, T.

**DIN NO.:** 05-A-3850

**CONSOLIDATED:** N/A

**TITLE OF GRIEVANCE:** Alleged assault

**GRIEVANCE CODE:** 49

**DATE FILED:** 08/09/2016

**DESCRIPTION OF PROBLEM:** The grievant alleges that he was verbally harassed and then assaulted by multiple security staff on July 30th, 2016

**ACTION REQUESTED:** For A thorough investigation in to the officers involved in the assault. To receive a fully documented report on the superintendents findings of the assault. To receive no more retaliation from any and all correctional officers, sergeants, and civilians here at Coxsackie correctional facility's disciplinary, or through further physical assault.

**I.G.R.C. RESPONSE:** Pass through to superintendent

**SUPERINTENDENT RESPONSE:** Based on a through investigation. The date of the alleged assault was a documented Use of Force, in which the inmate assaulted staff. Necessary force was used by security staff, in order to control the situation. The inmate witnesses provided by the grievant were interviewed by a security supervisor and were unable to substantiate his allegations. All staff mentioned in this grievance have gone on the record denying the allegations made by the grievant. I find insufficient evidence of malfeasance by staff.

**APPEAL STATEMENT:** Letter received dated 09/20/2016 requesting pass through to C.O.R.C.

DEF0777

NAME: TAHEEN HAYES     DIN# 05A3860          DATE: AUG 5-2016

CELL LOCATION: COXSACKIE CORR FAC
            S.H.U. 30 CELL

(49) Staff Conduct

DESCRIPTION OF PROBLEM: ON JULY, 30, 2016 AFTER A VISIT FROM MY WIFE I WAS RETURNING BY WAY OF ESCORT BACK TO MY HOUSING UNIT (F-3 DIVISION) AT THE TIME I WAS KEEPLOCK STATUS FOR ANOTHER TRUMP UP MISBEHAVIOR REPORT (JULY, 25, 2016) AND YET TO BE SEEN FOR DISCIPLINARY HEARING. AFTER KNOCKING ON THE DOOR TO F-3, C.O MEIER OPENED UP THE DOOR WITH A DEROGATORY STATEMENT. AND ALLOWED ME TO ENTER, NOT EVEN 20 STEPS TO MY CELL, I WAS BEAR-HUG FROM THE BACK, LIFTED IN THE AIR AND SLAMMED ON MY FACE BY C.O.MEIER. WHILE DAZED & STUNNED ON THE FLOOR C.O. MEIER JUMPED ON MY BACK AND REPEATEDLY PUNCH ME (WITH CLOSE FIST.) IN THE BACK AND SIDE OF MY FACE AND HEAD AND NECK AREA. IN A UNKNOWN DURATION TO ME, A RESPONSE TEAM WAS SURROUNDING ME ALL AWHILE KICKING AND PUNCHING ME ALL OVER MY BODY AS I LAYED HAND CUFFED AND DEFENSELESS ON THE FLOOR, C.O MEIER CONTINUE TO ASSAULT ME BY NOW TWISTING MY WRIST STATING "I SHOULD FUCKING BREAK THIS SHIT". AFTER WHAT SEEM LIKE FOREVER LAYING THERE GETTING BEAT ON, I WAS LIFTED IN THE AIR WHILE HAND-CUFFED STILL BEHIND MY BACK AND THROWN BODY AND FACE FIRST INTO THE WALL, WHEN MY BODY AND FACE VIOLENTLY BOUNCED OFF THE CONCRET WALL, C.O MEIER GRABBED ME BY THE BACK OF MY HEAD (DREAD-LOCKS) AND SLAMMED MY FACE INTO THE CONCRET WALL SCREAMING "STAY THE FUCK ON THE WALL". I FELT MY FACE SPLIT AND BLOOD RUSH DOWN MY FACE, INTO MY EYE'S, MY MOOTH AND DOWN MY NECK AND CLOTHING.

1 OF 4

DEF0778

I was restrained as four (4) Correctional officers responded to this assault, with knees pounded into my legs and thighs and shove hard punches to my arms, back and shoulder. I was then flung off the wall bleeding all over and taken to the facility hospital where I learn I would need to go to a outside hospital for stitches over my right eye. I was transfer to Albany Medical E.R unit and received 5 stitches and a back x-ray.

This assault by C.O. S.A. Meiez and the other Correctional officer was forseeable and could have easily been prevented had the M.E. after my many complaints and grievance's concerning my safety and Coxsackie Corr Fac. On May, 16, 2016 I was sent to F-3-36 cell for another trumped up misbehavior report (continuous pattern) written by C.O. K. Hoffman in retaliation for exercisement for redress of grievance's as well as for filling a sexual abuse complaint, (April, 19, 2016) on C.O. T. Daikie, which C.O. K. Hoff- man misbehavior report dated (May, 15, 2016) I never received a disciplinary hearing for that M.B.R. Either (grievance # CX-18983-016: Retaliation)

On May, 16, 2016 C.O. S.A. Meiez broke medical F-3 confidentiality by deliberly forcing himself into a medical keeplock intake interview conducted by R.N. Strohy, when she ask me was I ever sexually abuse while in Coxsackie Corr Fac and I responded "yes", C.O. S.A. Meiez got extremely upset and angry and said "faggots like you, get us (correctional officers) fucking fired". He continue his rant until R.N. Strohy left, He immediately opes the gate that separated himself and

DEF0779

I and swiped hit in my face with his hand and was directly in my face screaming and barking. C.O. J.A. Meier then threaten me with physical harm (assault) and said this isn't over. I tried to report this incident later that day by kicking on the cell gate for attention, requesting to see & speak to a Sgt. I received a misbehavior report full of lies instead.

On May 24. 2016 I successfully had a chance to tell this incident of C.O. J.A. Meier threats of physical assault or me to another prison official; commissioner's hearing officer Mr. Braccini. Mr. Braccini believed my story and found me guilty of only kicking on the gate but not threats or violent conduct. Mr. Braccini came to the conclusion that C.O. Meier was lying, C.O. Meier of course denied his threats to me but R.N. Bushy confirmed my story (see attach misbehavior report, disposition and tape # 16-213

C.O. J.A. Meier threats of physically assaulting me on May 16, 2016 have make good on his promise, on July 30, 2016.

## Action Requested:

(1) For the Superintendent. Marinscello Sr. do a thorough investigation behind C.O. Meier assaulting me and the unnamed officers who responded to F-3-Division and continue to ~~assault~~ assault me.

(2) To receive a full documented report on Superintendent. Marinscello Sr findings of C.O. Meier assault on me

3 of 4

DEF0780

(3) TO HAVE NO MORE RETALIATION COMING FROM ANY AND ALL CORRECTIONAL OFFICER'S. SGT.S, NOR CIVILIANS HERE AT COXSACKIE CORRECTION FACILITY'S DISCIPLINARY NOR THROUGH FURTHER PHYSICAL ASSAULT.

I.G.P. CLERK            8/9/16
                       DATE

TH

RESPECTFULLY SUBMITTED
TAHEEN HAYES  #OSA 3850
TAHEEN HAYES  OSA3850

CC FILE: I.G.P DIRECTOR
         OF ALBANY
    MS. KAREN BELLAMY
   I.G.R.C OF COXSACKIE CORR·FAC
  TAHEEN HAYES # OSA3850

4 OF 4



| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. CX-19094-16 | DATE FILED 49 |
|---|---|---|
| | FACILITY Coxsackie Correctional Facility | POLICY DESIGNATION Institutional |
| **INMATE GRIEVANCE PROGRAM** | TITLE OF GRIEVANCE Alleged assault | CLASS CODE 49 |
| Daniel F. Martuscello Jr. SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE *[signature]* | DATE 9-29-16 |
| GRIEVANT HAYES, T | DIN 05-A-3850 | HOUSING UNIT SHU-30 |

The grievant alleges that he was verbally harassed and then assaulted by multiple security staff on July 30, 2016.

Based on a thorough investigation, I find this grievance to be unsubstantiated. The date of the alleged assault was a documented Use of Force, in which the inmate assaulted staff. Necessary force was used by Security staff in order to control the situation. The inmate witnesses provided by the grievant were interviewed by a Security Supervisor and were unable to substantiate his allegations. All staff mentioned in this grievance have gone on record denying the allegations made by the Grievant. I find insufficient evidence of malfeasance by staff.

This grievance is denied.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.*  Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

| _____ | _____ |
|---|---|
| GRIEVANT'S SIGNATURE | DATE |

| _____ | _____ |
|---|---|
| GRIEVANCE CLERK'S SIGNATURE | DATE |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

**Boulanger, Theresa A (DOCCS)**

| | |
|---|---|
| **From:** | Boulanger, Theresa A (DOCCS) |
| **Sent:** | Thursday, May 11, 2017 8:48 AM |
| **To:** | DOCCS.sm.SpecialInvestigations |
| **Cc:** | Santos, Antoinette (DOCCS) |
| **Subject:** | CX-19094-16 |
| **Attachments:** | CX-19094-16.pdf |

Good Morning,

Attached please find the above referenced grievance in which Hayes #05-A-3850 claims retaliation due to previous sexual abuse allegations that were investigated under complaint #183577.  The case does not reference reporting the retaliation, therefore I am forwarding this to your office for whatever action is deemed appropriate.

Thank You,

**Theresa A. Boulanger**
Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov

DEF0783

```
07/10/17  CIGRTAB           DISCIPLINARY SYSTEM                  KDCPM40
08:13:36  CINSN055          990    CENTRAL OFFICE                PAGE    3
                      DISCIPLINARY INCIDENT SUMMARY   MANUAL RECS N

DIN:  05A3850    NYSID: ███████    NAME:  HAYES, TAHEEN
CURRENT FACILITY:  020  CLINTON GEN    CURRENT HOUSING LOCATION:  0C-04-02B
------------------------------------------------------------------------------
  TIER 3   INCIDENT: 05/17/16 07:24 AM  CO   JAMES, B S        COXSACKIE
           HEARING : 06/02/16 04:30 PM  CHO  BRACCINI, A M     COXSACKIE
           APPEAL  : 08/30/16 AFFIRMED  DIR  VENETTOZZI        CENTRAL OFF
  104.13 CREATE DISTURB   107.10 INTERFERENCE    106.10 DIRECT ORDER
  102.10 THREATS
       90D PACKAGE     COMMISSARY   PHONE      SERVICE DTES 05/17/16 08/15/16
       90D SHU                                            SUSPD TO 11/29/16
------------------------------------------------------------------------------
  TIER 3   INCIDENT: 05/16/16 06:30 PM  CO   MEIER, J A        COXSACKIE
           HEARING : 06/09/16 03:15 PM  CHO  BRACCINI, A M     COXSACKIE
  104.13 CREATE DISTURB    106.10 DIRECT ORDER
       30D KEEPLOCK   PACKAGE     COMMISSARY   PHONE     SUSPD TO 12/06/16
------------------------------------------------------------------------------
                                                    NEXT DIN:


  <CURSOR + ENTER>  INC DETAIL
  <ENTER>     <PF3>  EXIT(FUNCT)      <PF7>  BACKWARD     <CLEAR>  EXIT(SYSTEM)
```

DEF0784

```
05/24/17  CIGRTAB              DISCIPLINARY SYSTEM                    KDCPM40
10:00:59  CINSN055                990    CENTRAL OFFICE                PAGE     2
                        DISCIPLINARY INCIDENT SUMMARY      MANUAL RECS N

DIN:  05A3850    NYSID: ██████████ NAME:  HAYES, TAHEEN
CURRENT FACILITY:  020  CLINTON GEN    CURRENT HOUSING LOCATION:  0C-04-02B
        ---------------------------------------------------------------
   TIER 3   INCIDENT: 07/30/16 03:15 PM  SGT   DIXSON, D L         COXSACKIE
            HEARING : 09/29/16 01:08 PM  CHO   BRACCINI, A M       COXSACKIE
            APPEAL  : 12/20/16 AFFIRMED  DIR   VENETTOZZI          CENTRAL OFF
            DIS.REV : 11/15/16    N/C    SHMC                      UPSTATE SC
   104.11 VIOLENT CONDUCT   100.11 ASSAULT ON STAFF  106.10 DIRECT ORDER
      120D SHU            PACKAGE      COMMISSARY    SERVICE DTES 07/30/16 11/27/16
      120D PHONE                                    SERVICE DTES 07/30/16 11/27/16
        ---------------------------------------------------------------


                                          NEXT DIN:


   <CURSOR + ENTER>  INC DETAIL
   <ENTER>     <PF3>   EXIT(FUNCT)       <PF7>  BACKWARD      <CLEAR>  EXIT(SYSTEM)
```

DEF0785



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:        IGRC Supervisor

FROM:      Martin, Captain

DATE:      May 11, 2017

SUBJECT:   Grievance CX 19094-16 / Hayes, T. 05A3850

_____

The above referenced grievance was assigned to and investigated by a ranking security supervisor. After reviewing the attached investigation, I concur with the Lieutenant's conclusion and find that there is no evidence to substantiate the allegations contained within this grievance. Attached are the amended statements from the officers involved in this grievance. The Lieutenant spoke with Officer Hoffman and he denies the allegations contained within the grievance. Officer Hoffman will include his memo upon return. Therefore, the grievance should be denied.

C:  File

DEF0786



NEW YORK STATE | Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO:        IGRC Supervisor

FROM:      █████Martin, Captain

DATE:      September 22, 2016

SUBJECT:   Grievance CX 19094-16 / Hayes, T. 05A3850

_____

　　　The above referenced grievance was assigned to and investigated by a ranking security supervisor. After reviewing the attached investigation, I concur with the Lieutenant's conclusion and find that there is no evidence to substantiate the allegations contained within this grievance. Therefore, the grievance should be denied.


C:　File

NEW YORK STATE | Corrections and
Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

TO:        Capt. D. Martin

FROM:      Lt. E. Pahl

SUBJECT:   Grievance cx-19094-16

DATE:      9/21/16

Sir,

     As per your request, I looked into a complaint made by inmate Hayes 05a3850.  In this complaint, the inmate claims that on 7/30/16 as he was returning to F-3, Officer Meier opened the unit door and verbally harassed him.  He goes on to claim that as he was being escorted to his cell, Officer Meier bear hugged him from behind and slammed him on his face.  He then alleges that CO Meier repeatedly jumped on his back and punched him in the back and face.  Hayes then claims a response team arrived and continued to punch and kick him.  He then claims he was lifted from the floor and thrown face first into the wall.  He then claims that CO Meier grabbed his head and slammed his face into the wall.  Hayes alleges that when on the wall, he was continuously physically assaulted.  He then claims, he was taken to the facility clinic.  The inmate alleges that this incident is a continuation of the harassment he claims he is a victim of due to filing a PREA complaint on another Officer.  He claims he was the recipient of numerous false misbehavior reports as well as verbal harassment.

     I interviewed inmate Hayes.  He restated his claims that he was assaulted by multiple Officers.  He restated his claim that he is a victim of retaliation due to an allegation he made against another Officer.  When asked if he had any witnesses, he could not identify any by name.  (I was able to determine inmate's Rodriguez 09a3150███and Bowles 16a0059███were named as witnesses that Hayes requested for his hearing.)  When asked if he had anything further to add, he said he did not.

     I interviewed inmate Bowles in regards to the allegations.  This inmate was housed in cell f3 - 21 on this night.  Bowles alleges that he observed Officer Meier grab Hayes from behind and tackle him to the floor.  He then claims that Meier began punching and kicking the inmate while he was on the ground.  He also claimed that the response team also assaulted him.  I asked him how he saw this alleged assault take place.  He claimed he viewed this through an "eye spy."  He illustrated this "eye spy" was about the size of a credit card.  I also interviewed inmate Rodriguez.  Rodriguez was

DEF0788

housed in f-3 22 on the night in question. He claims he heard the inmate and Officer have an argument. He then claims that just before they got to Hayes's cell, Meier tackled Hayes from the front and the inmate landed on his back. Rodriguez claims that when on the ground, Meier held him down. Upon questioning, Rodriguez said that Meier did not jump on nor punch or kick Hayes. Rodriguez then said that the response team showed up and picked him up. Rodriguez said that no staff member kicked or punched Hayes. He also said that Hayes was not thrown into the wall nor was his head pushed into the wall. For reference, cell 22 is across from Hayes's 23 cell. Rodriguez had nothing further to add.

I interviewed Officer Meier as a result of these claims. Meier stated to me that as Hayes was being escorted to his cell, the inmate attempted to assault him. He denies that he punched or kicked or strike the inmate. He also states he didn't slam the inmate face first into the wall. He stated that the force he used was completely documented in his use of force report. Meier also denies that he ever threatened inmate Hayes. Officer Langtry was also involved in this use of force. Langtry also stated to me that at no time did he punch or kick this inmate. Officer Bence was also involved in this use of force. Officer Bence confirmed to me that the force he use was completely documented. He denies that he punched or kicked this inmate. He will provide a written memo when he returns to work. Officer Coon was an Officer who responded to the incident. Officer Coon states to me that he did not strike inmate Hayes in any fashion. He stated to me that he applied mechanical restraints on the inmate after the force had ended. He will provide a written memo upon his return to work.

After investigating this claim, I find no truth to it. On the night in question, Hayes attempted to assault staff and force became necessary to prevent it. This use of force was documented as Cox. CF use of force 160064. The inmates that Hayes named as witnesses for his hearing give varying accounts of the night in question. Inmate Bowles claims are similar to that of inmate Hayes. This inmate claims he witnessed this incident through a small "eye spy." He claims that Meier tackled Hayes from behind and then assaulted him on the ground. He added that the response team then began punching and kicking him. Inmate Rodriguez version of the events is very different. He said that he saw Officer Meier tackle Hayes from the front and then the Officer held him on the ground. It is reasonable to believe that if the inmate was taken to the ground from the front as Rodriguez said he saw, it was because Hayes did in fact turn suddenly towards Officer Meier. Rodriguez said that he did not see any staff member punch or kick Hayes. He also added that he did not see Hayes get slammed into the wall. The version that Rodriguez relays is similar to the actual use of force. All Officers involved in the use of force deny that they struck or kicked the inmate. The force they used is documented as body holds. If the inmate was assaulted in the manner in which he suggests, he would surely have more injuries than he did. He had a laceration above his right eye. That injury is consistent with an individual who is forced to the ground on this right side. Also I find no basis to the claim that he was the recipient of falsified misbehavior reports. He was found guilty of a report authored by CO Meier. It is clear that Hayes has made a false claim of staff assault to deflect responsibility for his own reckless assaultive behavior. I find this grievance to be without merit and it should be dismissed.

DEF0789

E. Pahl/Lt.

_____
Name /Title

Coxsackie Correctional Facility, 11260 Route 9W, P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2781 | www.doccs.ny.gov

DEF0790



NEW YORK STATE | Corrections and Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

**TO:** CAPTAIN MARTIN

**FROM:** C/O E. COON

**DATE:** 4-14-17

**SUBJECT:** GRIEVANCE CX-19094-16

ON 7-30-16, AT APPROXIMATELY 1515HRS, I RESPONDED TO F3 FOR A RESPONSE. AT NO TIME DID I USE FORCE ON INMATE HAYES 05A3850

RESPECTFULLY SUBMITTED,
C/O E. Coon
C/O E. Coon

DEF0791



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO: CAPTAIN MARTIN

FROM: C.O. S. PENCE

DATE: 21 APRIL 2017

SUBJECT: CX-19094-16

IN RESPONSE TO THIS GRIEVANCE, AT NO TIME DID I PUNCH OR KICK INMATE HAYEL #05A3850.

RESPECTFULLY SUBMITTED,

C.O. S. PENCE

DEF0792



NEW YORK STATE | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

TO: Lt Paul

FROM: C.O. G. Langtry

DATE: 9/21/16

SUBJECT: Grievance   CX-19094-16

Sir,

In response made by Inmate Hayes 05A3850, I C.O. G Langtry at NO time punched or kicked Inmate Hayes during a use of force on July 30, 2016. I conduct myself in a professional manner at all times.

Respectfully Submitted
[signature] C.O.
G. Langtry C.O.

DEF0793

Coxsackie Correctional Facility, 11260 Route 9W · P.O. Box 200, Coxsackie, NY 12051-0200 | (518) 731-2781 | www.doccs.ny.gov



**NEW YORK STATE** | **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

## MEMORANDUM

TO: Capt Martin

FROM: C.O. J. Meier

DATE: 4/14/17

SUBJECT: Addendum to Grievance # CX-19099-16

At no time did I use inappropriate language towards inmate Hayes #05A3850. Also the misbehavior report I wrote him was true and accurate and not in retaliation to a prior complaint.

Respectfully Submitted
J. Meier C.O.
J. Meier C.O.

DEF0794

TO: Lt. Pahl

FROM: C.O. J. Meier

DATE: 9/1/16

SUBJECT: Grievance Inmate Hayes #05A3850

On July 30, 2016 at approximately 3¹⁵pm I was involved in a use of force because inmate Hayes #05A3850 attempted to assault me while I was escorting him down the tier after he returned from the visit room. All the force that I used was reported in my use of force report. At no time did I strike, punch or kick inmate Hayes. Also at no time did I grab him by the dread locks and slam his face into the wall. Inmate Hayes has also made false allegations in the past that I have verbally threatened him. At no time did I threaten him.

Respectfully Submitted
J. Meier C.O.
J. Meier C.O.

FORM 2171B (10/14)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

_Coxsackie_ Correctional Facility

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ Nombre del RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Hayes T | OSA 3850 | F-3-36 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| F-3-36 | 5/16/16 | 6 30 pm Aprox. |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

102.10 - Inmate shall not make threats; 104.11 - Inmate shall not engage in any violent conduct;
104.13 - Inmate shall not cause a disturbance; 106.10 - Inmate shall not disobey a direct order.
107.11 - Inmate shall not harass an employee at any time. RR

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and approximate time while on rounds I heard a loud banging noise coming from
the back of the tier. While investigating where the loud banging noise was coming from I observed
inmate Hayes, T #OSA3850 F-3-36 cell violently kicking his locker against the cell door. I gave
inmate Hayes a direct order to stop violently kicking his cell locker against his cell door. Inmate
Hayes responded with shouting "Fuck you. I'm going to do what I want. You can't make me do
shit" and he kept violently kicking his locker against the cell door. I gave inmate Hayes a second
direct order to stop violently kicking his locker against the cell door. He then picked up his
locker and threw it at his cell door then shouted "Get the fuck away from my cell before I bash
your head in with my locker." At this time I informed inmate Hayes that he was receiving a misbehavior
report for his violent and disruptive behavior. He then kicked his gate and shouted "I don't fucking
care." Area Sgt was notified. After approximately 2 minutes inmate Hayes finally stopped kicking his
locker against his cell door and refrained to yell and shout on the tier causing a disturbance.

| 5. REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 5/16/16 | J. Muir | _signature_ | C.O. |

ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)    SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)    FIRMAS:   1. _____

2. _____    3. _____

NOTE: Fold back Page 2 on dotted line before completing below.

DATE AND TIME SERVED UPON INMATE 5-17-16 Appro 10:00 AM    NAME AND TITLE OF SERVER _signature_ C.O.

FECHA HORA DADO AL RECLUSO    NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

### REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

WHITE - Disciplinary Office   CANARY - Inmate (After review)   • Distribución: BLANCA - Oficina Disciplinaria   AMARILLA - Recluso (después de la resión)

DEF0796

MOAB, UTAH

```
05/18/16        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   1
DCP004               SUPERINTENDENT   HEARING DISPOSITION RENDERED


            COXSACKIE                            TAPE NUMBER  16-213

DIN: 05A3850 NAME: HAYES, TAHEEN                    LOCATION: SH-UU-004

INCIDENT DATE & TIME:      05/16/16   06:30 PM   TIER 3

REVIEW DATE:               05/16/16          BY:  LT   KNEELAND, R W

DELIVERY DATE & TIME:      05/17/16   10:00 AM BY:  CO   WOODS, S D

HEARING START DATE & TIME: 5/24/16 11:40 AM BY: Otto Braccini

HEARING END DATE & TIME:  6/9/16 3:15 PM BY: Otto Braccini
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y / N
DOES THIS MISCONDUCT MEET THE CRITERIA FOR WORKPLACE VIOLENCE?  Y / N
CHARGE
NUMBER     DESCRIPTION OF CHARGES            REPORTED BY          DISPOSITION

104.11   VIOLENT CONDUCT             CO   MEIER, J A              --not guilty
------   ------------------------------   ----   --------------------
                                                                  --guilty
104.13   CREATING A DISTURBANCE
------   ------------------------------                           --guilty
106.10   REFUSING DIRECT ORDER
------   ------------------------------                           --not guilty
102.10   THREATS
------   ------------------------------
```

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| B000 | keeplock | 30 | | | 30 | 180 | |
| E000 | packages | | | | | | |
| F000 | commissary | | | | | | |
| G000 | phone | | | | | | |
| | | | | | | | |
| | | | | | | | |

05/18/16          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   2
DCP004                    SUPERINTENDENT   HEARING DISPOSITION RENDERED

DIN: 05A3850 NAME: HAYES, TAHEEN                    HEARING DATE: 6-9-16

A. STATEMENT OF EVIDENCE RELIED UPON: ① The M/R of CO Meier wherein it was reported that this I/M caused a disturbance + kicked his locker + threatened the CO. ② The I/M statement of P(gowsin) wherein he admitted to the conduct charged but did so b/c he felt iNjeopardy based upon the COs conduct + comments during his intake interview. ③ Testimony of 1 I/M witness + ④ 2 CO witnesses + ⑤ Nurse Brushy wherein it seemed apparent that there was some comment made between the CO + the I/M.

B. REASONS FOR DISPOSITION: I find substantial evidence exists to find this I/M guilty of the 104.13 + 106.10 charges. I find his methods of trying to attract attention to not be the best I find the penalty imposed + suspended to be a sufficient deterrent

C. SPECIAL INSTRUCTION ON CORRESPONDENCE RESTRICTIONS AND REFERRALS

05/18/16          STATE OF NEW YORK -- DEPARTMENT OF CORRECTIONAL SERVICES   PAGE   3
DCP004                    SUPERINTENDENT  HEARING DISPOSITION RENDERED


DIN: 05A3850 NAME: HAYES, TAHEEN                          HEARING DATE: _6-9-16_

SUPERINTENDENT HEARING DISPOSITION RENDERED

| CHARGE | DESCRIPTION OF CHARGE | 5 YEAR PRIORS | 10 YEAR PRIORS |
|---|---|---|---|
| 104.11 | VIOLENT CONDUCT | 1 | 4 |
| 104.13 | CREATING A DISTURBANCE | 3 | 3 |
| 106.10 | REFUSING DIRECT ORDER | 7 | 9 |
| 102.10 | THREATS | 1 | 2 |


AT THE TIME OF THE HEARING, WAS THIS INMATE HOUSED IN A SHU CELL: _✗_ YES __ NO
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   _X_  THE SANCTIONS IMPOSED ARE WITHIN THE PUBLISHED GUIDLINES

OR

___  I HAVE IMPOSED SANCTIONS THAT HAVE DEPARTED UPWARD FROM THE PUBLISHED
     GUIDLINES, FOR THE FOLLOWING REASON(S):

          ___ OVERALL CLIMATE OF FACILITY
          ___ SEVERITY OF OFFENSE
          ___ LOCATION OF OFFENSE
          ___ MANNER  OFFENSE WAS COMMITED
          ___ RISK TO SECURITY
          ___ RISK TO PERSONAL SAFETY
          ___ PROPERTY DAMAGE - RESTITUTION
          ___ DISCIPLINARY HISTORY
          ___ OTHER - EXPLAIN: _____
              _____
              _____

I HAVE RECEIVED A COPY OF THIS HEARING DISPOSITION DATED: _6 9 16_

_C.___ -R_          _____,     _5 7-16_ _3:12 PM_
HEARING OFFICER SIGNATURE      INMATE SIGNATURE        DATE & TIME RECEIVED

YOU ARE HEREBY NOTIFIED OF THE FOLLOWING APPEAL PROCEDURES:

___  FOR TIER II HEARING - APPEAL TO SUPERINTENDENT WITHIN 72 HOURS
                           - - - - - - - - - - - - - - - - - - - - - - - - - - -
_✗_  FOR TIER III HEARING - APPEAL TO COMMISSIONER WITHIN 30 DAYS
                           - - - - - - - - - - - - - - - - - - - - - - - - - - -


***SUCCESSFUL PRINT COMPLETION***

DEF0799

```
UNSS7I   STATE OF N.Y.   DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
09/01/16                     USE OF FORCE REPORT
13:43:55              COXSACKIE                      UF LOG NO. 160064.00
              INCIDENT DATE 07/30/16  TIME 03:15PM   UI CCC NO.
GEN LOC. 10 GALLERY      SPEC LOC. OF-02             CB LOG NO.
==============================================================================
OFFENDER              DIN/NYSID ETHNIC ROLE
HAYES, TAHEEN         05A3850   BLK    PERP
==============================================================================
STAFF INVOLVED        TITLE    FORCE1     FORCE2    FORCE3    DEGREE

BENCE, STEPHEN A      CO       BODY HOLD                      MINOR

MEIER, JASON A        CO       BODY HOLD                      MINOR

LANGTRY, GREGORY E    CO       BODY HOLD                      MINOR
==============================================================================
DESCRIBE EVENTS LEADING UP TO THE APPLICATION OF FORCE:
OFFICER MEIER WAS ESCORTING INMATE HAYES, T 15A3850 F-3-23 BACK TO
HIS CELL AFTER A VISIT WHEN THE INMATE UNPROVOKED VIOLENTLY TURNED
TO HIS LEFT WITH HIS RIGHT ARM RAISED AND HIS RIGHT FIST CLOSED ATTEMPTING
TO PUNCH HIM.




==============================================================================
DESCRIBE ACTUAL FORCE USED:
OFFICER MEIER THEN GRABBED THE INMATE FROM THE LEFT SIDE AROUND HIS WAIST
WITH BOTH ARMS DRIVING HIM TO THE FLOOR. INMATE LANDED ON HIS RIGHT SIDE
WITH OFFICER MEIER LANDING ON TOP OF THE INMATE. AS THE INMATE CONTINUED TO
STRUGGLE OFFICER MEIER WAS ABLE TO GET HIM ON HIS STOMACH WITH THE OFFICERS
CHEST ON THE INMATES BACK USING HIS BODY WEIGHT TO RESTRICT INMATES
MOVEMENT. OFFICER LANGTRY WAS OPERATING THE LOCK BOX,ACTIVATED HIS (PAS)
AND RESPONDED TO ASSIST. OFFICER LANGTRY GRABBED INMATES RIGHT WRIST WITH
BOTH HANDS FORCING IT BEHIND THE INMATES BACK. OFFICER BENCE RESPONDED TO
ASSIST,GRABBED THE INMATES LEFT HAND WITH BOTH OF HIS HANDS FORCING
INMATES HAND BEHIND HIS BACK. AT THIS TIME INMATE BECAME COMPLIANT AND ALL
FORCE CEASED. OFFICER COON APPLIED MECHANICAL RESTRAINTS TO A NOW
COMPLIANT INMATE.
==============================================================================
```

PAGE 1.01

DEF0800

```
                       DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
09/01/16                         USE OF FORCE REPORT
13:43:55               COXSACKIE                         UF LOG NO. 160064.00
              INCIDENT DATE 07/30/16   TIME 03:15PM      UI CCC NO.
GEN LOC. 10 GALLERY       SPEC LOC. 0F-02               CB LOG NO.
```

=========================================================================
```
OFFENDER              DIN/NYSID ETHNIC ROLE
HAYES, TAHEEN         05A3850   BLK    PERP
```

```
EXAMINERS  NAME                  TITLE            EXAM DATE   TIME
N. WALTHOUR LOCKRIDGE            NURSE            07/30/16    03:45PM
```

PART B - PHYSICAL EXAMINATION/TREATMENT REPORT:
RIGHT EYE LACERATION, LOWER BACK PAIN.

=========================================================================
```
SUPERVISOR REVIEW:
WAS INCIDENT VIDEOTAPED? NO
WERE USE OF FORCE PHOTOS TAKEN? YES UOF
WERE USE OF FORCE PHOTOS REVIEWED? YES
WAS STAFF MEMBER INJURED? ███
WAS STAFF SEEN BY MEDICAL? ████ UOF
WAS OFFENDER INJURED? YES
WAS OFFENDER SEEN BY MEDICAL? YES UOF
WAS THE UF MEMO COMPLETED? YES
WAS THE OFFENDER RETURNED TO THE CELL? NO   TRANSFERED TO: AMC ER
REPORTED BY: SGT   D. DIXSON                   DATE: 07/30/16
REVIEWED BY: LT    J. SCHOEP                    DATE: 07/30/16
```
=========================================================================
REVIEW AND EVALUATION BY SUPERINTENDENT:
FORCE USED WAS APPROPRIATE AND WITHIN DEPARTMENT GUIDELINES AS DESCRIBED IN
 THE USE OF FORCE REPORT

=========================================================================
```
SPT DANIEL MARTUSCELLO                         09/01/16
SUPERINTENDENT                                 DATE
```

                                               PAGE 2

DEF0801

```
04/14/17  CIGRTAB           DISCIPLINARY SYSTEM              KDCPM40
08:28:26  CINSN055        990    CENTRAL OFFICE              PAGE    2
                    DISCIPLINARY INCIDENT SUMMARY     MANUAL RECS N


DIN:  05A3850    NYSID: ███████    NAME:  HAYES, TAHEEN
CURRENT FACILITY:  020  CLINTON GEN   CURRENT HOUSING LOCATION:  0C-04-02B
         -------------------------------------------------------------
  TIER 3   INCIDENT: 07/30/16 03:15 PM  SGT  DIXSON, D L       COXSACKIE
           HEARING : 09/29/16 01:08 PM  CHO  BRACCINI, A M     COXSACKIE
           APPEAL  : 12/20/16 AFFIRMED  DIR  VENETTOZZI        CENTRAL OFF
           DIS.REV : 11/15/16   N/C   SHMC                     UPSTATE SC
  104.11 VIOLENT CONDUCT   100.11 ASSAULT ON STAFF  106.10 DIRECT ORDER
     120D SHU          PACKAGE       COMMISSARY  SERVICE DTES 07/30/16 11/27/16
     120D PHONE                                  SERVICE DTES 07/30/16 11/27/16
         -------------------------------------------------------------




                                        NEXT DIN:


  <CURSOR + ENTER> INC DETAIL
  <ENTER>      <PF3>  EXIT(FUNCT)     <PF7>  BACKWARD     <CLEAR>  EXIT(SYSTEM)
```

DEF0802

```
04/14/17  CIGRTAB          DISCIPLINARY SYSTEM             KDCPM40
08:34:19  CINSN055            990    CENTRAL OFFICE           PAGE    3
                    DISCIPLINARY INCIDENT SUMMARY    MANUAL RECS N

DIN:  05A3850    NYSID: ███████    NAME:  HAYES, TAHEEN
CURRENT FACILITY:  020  CLINTON GEN    CURRENT HOUSING LOCATION:  0C-04-02B
    -------------------------------------------------------------------
   TIER 3   INCIDENT: 05/17/16 07:24 AM  CO   JAMES, B S          COXSACKIE
            HEARING : 06/02/16 04:30 PM  CHO  BRACCINI, A M       COXSACKIE
            APPEAL  : 08/30/16 AFFIRMED  DIR  VENETTOZZI          CENTRAL OFF
   104.13 CREATE DISTURB    107.10 INTERFERENCE     106.10 DIRECT ORDER
   102.10 THREATS
       90D PACKAGE     COMMISSARY    PHONE     SERVICE DTES 05/17/16 08/15/16
       90D SHU                                          SUSPD TO 11/29/16
    -------------------------------------------------------------------
   TIER 3   INCIDENT: 05/16/16 06:30 PM  CO   MEIER, J A          COXSACKIE
            HEARING : 06/09/16 03:15 PM  CHO  BRACCINI, A M       COXSACKIE
   104.13 CREATE DISTURB    106.10 DIRECT ORDER
       30D KEEPLOCK    PACKAGE     COMMISSARY    PHONE     SUSPD TO 12/06/16
    -------------------------------------------------------------------
                                                NEXT DIN:


<CURSOR + ENTER> INC DETAIL
<ENTER>    <PF3>  EXIT(FUNCT)     <PF7>  BACKWARD    <CLEAR>  EXIT(SYSTEM)
```

DEF0803

```
05/19/17 CIGRTAB          HEALTH SERVICES SYSTEM                   KHSCM46
13:01:51 CINSN055         4.1.5 - EMERGENCY TRIAGE
DIN: 05A3850 NAME: HAYES, TAHEEN          NYSID: ████████ DOB: ████ 1986
OWN FAC: CLINTON GEN  CUR FAC: CLINTON GEN  CUR LOC: 0C-04-02B
FACILITY:  130 COXSACKIE            REFERRAL NUMBER: 16321760.01
FACILITY TRIAGE PROVIDER: 0160 JON MILLER, MD            REVIEWED BY RMD
REASON(S) FOR TRIAGE/TRIP:
( RIGHT EYE LACERATION APPRX.1 INCH, BORDERS NON-ATTACHED, MODERATE      )
( BLOOD DRAINAGE, S/P UOF, NON-TENDER, STERI STRIPS AND TO HOSPITAL FOR EVAL )
TRIAGE SECTION -                   USER: 07/30/16 10:00P C130NMW
   INMATE TRIAGED VIA TELEMEDICINE? N (Y/N)
      IF NO,  REASON: 05 EQUIPMENT FAILURE
      IF YES, TRIAGE DATE: __ / __ / __  TIME: __ : __ _  WAIT TIME: _
            EMERGENCY DEPT PROVIDER NAME: _____
            TRIAGE DISPOSITION: _ TRANSPORTED TO EMERGENCY DEPARTMENT
                                _ REMAINED AT FACILITY-ADMITTED TO INFIRMARY
                                _ REMAINED AT FACILITY-RETURNED TO CELL
                                _ OTHER (COMMENTS REQUIRED)
                                _ REMAINED AT FACILITY(HISTORICAL)
TRIAGE COMMENTS:
( _____ )
( _____ )
                                                   DIN/REF: _____
<ENTER>  <PF3> EXIT(FUNCT)  <PF4> RETURN  <CLEAR> EXIT(SYS)  OPTION: _ _ _
```

DEF0804

```
05/19/17 CIGRTAB          HEALTH SERVICES SYSTEM                  KHSCM47
13:02:11 CINSN055         4.1.6 - EMERGENCY ROOM TRIP
DIN: 05A3850 NAME: HAYES, TAHEEN        NYSID: ██████████DOB: ██████.986
OWN FAC: CLINTON GEN  CUR FAC: CLINTON GEN  CUR LOC: 0C-04-02B
FACILITY:  130 COXSACKIE              REFERRAL NUMBER: 16321760.01
TRIP DATE: 07 / 30 / 16  TIME: 04 : 45 P    REFERRAL STATUS: REVIEWED BY RMD
REASON(S) FOR TRIP:
( RIGHT EYE LACERATION APPRX.1 INCH, BORDERS NON-ATTACHED, MODERATE      )
( BLOOD DRAINAGE, S/P UOF, NON-TENDER, STERI STRIPS AND TO HOSPITAL FOR EVAL )
AUTHORIZED BY: 0160 JON MILLER, MD           AFTER IN PERSON EVALUATION: N
IF NOT AUTHORIZED BY PHYSICIAN/PA/NP, LIST REASON(S): _____
TRANSPORTATION BY AMBULANCE: N (Y/N)     FACILITY VEHICLE: Y (Y/N)
EMERGENCY ROOM: 0001 ALBANY MEDICAL CENTER
ER CONTACTED BEFORE INMATE ARRIVAL? Y (Y/N) MSG LEFT ON CO ER REF LINE? Y (Y/N)
STATUS OF INMATE UPON CONCLUSION OF TRIP:      USER: 07/30/16 10:00P C130NMW
   RETURNED TO FACILITY:   DATE: 07 / 30 / 16   TIME: 09 : 15 P
   HOSPITAL INPATIENT (Y/N): N DIAG: RT EYE LACERATION WITH 5 SUTURES
   DECEASED:               DATE: __ / __ / __   TIME: __ : __
IF RETURNED TO FACILITY, LIST OUTCOME AND ANY FOLLOW UP INSTRUCTIONS:
(  SUTURES WILL COME OUT ON OWN 4-5 DAYS, BACIT/CLEAN DRESSING DAILY     )
COMMENTS:
(   RETURNED TO CELL, ANALGESIA ADMINISTERED                            )
                                              DIN/REF: _____
<ENTER>  <PF3> EXIT(FUNCT)  <PF4> RETURN  <CLEAR> EXIT(SYS)  OPTION: _ _ _
```

DEF0805

```
05/19/17 CIGRTAB          HEALTH SERVICES SYSTEM                KHSCM48
13:02:20 CINSN055    4.1.7 - EMERGENCY ROOM TRIAGE/TRIP RMD REVIEW
DIN: 05A3850 NAME: HAYES, TAHEEN         NYSID:██████████DOB: █████1986
OWN FAC: CLINTON GEN  CUR FAC: CLINTON GEN  CUR LOC: 0C-04-02B
FACILITY:  130 COXSACKIE                REFERRAL NUMBER: 16321760.01
INMATE TRIAGED: N  EQUIPMENT FAILURE          STATUS: REVIEWED BY RMD
TRIP DATE:       07 / 30 / 16  TIME: 04 : 45 P
REASON(S) FOR TRIP:
( RIGHT EYE LACERATION APPRX.1 INCH, BORDERS NON-ATTACHED, MODERATE   )
( BLOOD DRAINAGE, S/P UOF, NON-TENDER, STERI STRIPS AND TO HOSPITAL FOR EVAL )
AUTHORIZED BY:  0160 JON MILLER, MD            IN PERSON: N
EMERGENCY ROOM: 0001 ALBANY MEDICAL CENTER
RMD REVIEW -                       USER: 08/01/16 03:02P CHLTSCM
        TRIAGE: X APPROPRIATE      TRIP: X APPROPRIATE
                _ INAPPROPRIATE          _ APPROPRIATE BUT AVOIDABLE
                                         _ INAPPROPRIATE
        REASON: 02 TRIP APPROPRIATE BY REASON OF FACIAL LACERATION
RMD COMMENTS:
( _____ )
( _____ )
( _____ )
                                      NEXT DIN/REF: _____
                                           OPTION: _ _ _
<ENTER> CONTINUE    <PF3> EXIT(FUNCTION)    <PF4> RETURN    <CLEAR> EXIT(SYS)
```

DEF0806

| | Grievance Number<br>CX-18983-16 | Desig./Code<br>I/49 | Date Filed<br>6/17/16 |
|---|---|---|---|
| **NEW YORK STATE** **Corrections and Community Supervision** | Associated Cases | | Hearing Date<br>2/22/17 |
| ANDREW M. CUOMO<br>Governor          ANTHONY J. ANNUCCI<br>Acting Commissioner | Facility<br>Coxsackie Correctional Facility | | |
| **INMATE GRIEVANCE PROGRAM**<br>**CENTRAL OFFICE REVIEW COMMITTEE** | Title of Grievance<br>Retaliation/False Misbehavior Report | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that this matter has been properly investigated by the facility administration, and that CO H... denies falsifying the grievant's 5/16/16 Tier II MBR.  It is noted that the MBR has since been expunged.  Further, the grievant's sexual harassment allegations were documented in accordance with the Department's PREA guidelines.  CORC finds insufficient evidence of retaliation or malfeasance by staff.

Directive #4040, § 701.6 (b) states, in part, that no reprisals of any kind shall be taken against an inmate or employee for good faith utilization of this grievance procedure, and an inmate may pursue a complaint that a reprisal occurred through the grievance mechanism.  Further, safety matters should be addressed to an area supervisor at that time for any remedial action warranted.

CORC notes that the grievant has since been transferred.

CMV/

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

This document has been electronically signed by Jeffery A. Hale

**Boulanger, Theresa A (DOCCS)**

| | |
|---|---|
| **From:** | Boulanger, Theresa A (DOCCS) |
| **Sent:** | Friday, May 19, 2017 2:44 PM |
| **To:** | Surprenant, Tisha L (DOCCS) |
| **Subject:** | RE: CX-19094-16 |
| **Attachments:** | RE: CX-19094-16 |

I don't see the 4/14/17 memo from CO Coon in the attached, I only see a 4/14/17 memo from CO Meier.  Maybe CO Coon's statement got stuck when scanned.

Thanks!

# Theresa A. Boulanger
Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov


**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Friday, May 19, 2017 2:09 PM
**To:** Boulanger, Theresa A (DOCCS) <Theresa.Boulanger@doccs.ny.gov>
**Subject:** FW: CX-19094-16

Please see the Captain's statement. This was addressed in CO Coon's memo dated 04/14/17. This was included in the attachment. Let me know.

**From:** Martin, ███ (DOCCS)
**Sent:** Friday, May 19, 2017 2:06 PM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Cc:** Longstaff, Brooke J (DOCCS) <Brooke.Longstaff@doccs.ny.gov>
**Subject:** RE: CX-19094-16

Officer Coon's memorandum is the third one from the back in the packet we sent.  If you require another copy, Brooke will have one available for you.

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Friday, May 19, 2017 1:30 PM
**To:** Martin, ███ (DOCCS) ███Martin@doccs.ny.gov>
**Subject:** FW: CX-19094-16
**Importance:** High

Sir,

They are requesting further information. Please see below.

1

DEF0808

**From:** Boulanger, Theresa A (DOCCS)
**Sent:** Friday, May 19, 2017 1:29 PM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** RE: CX-19094-16

Hi Tisha,

I reviewed the packet that was forwarded.  I did see that they were out of the facility at the time the other statements were written but we will still need a statement from CO Coon addressing allegations of assault because he was involved in the UOF and a statement form CO Hoffman addressing the allegation of writing the grievant an MBR in retaliation to a prior complaint.

Thank You,
# Theresa A. Boulanger
Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Friday, May 19, 2017 12:33 PM
**To:** Boulanger, Theresa A (DOCCS) <Theresa.Boulanger@doccs.ny.gov>
**Subject:** RE: CX-19094-16

Here you go!

**From:** Boulanger, Theresa A (DOCCS)
**Sent:** Friday, May 19, 2017 11:32 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** RE: CX-19094-16

Awesome thank you!!! No worries!

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Friday, May 19, 2017 10:59 AM
**To:** Boulanger, Theresa A (DOCCS) <Theresa.Boulanger@doccs.ny.gov>
**Subject:** RE: CX-19094-16

I received everything yesterday and I just have to scan it. You'll have it within the hour. Sorry for the delay.

**From:** Boulanger, Theresa A (DOCCS)
**Sent:** Friday, May 19, 2017 10:49 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** FW: CX-19094-16

DEF0809

Good Morning,

Please provide a status update on the below request.

Thank You,

**Theresa A. Boulanger**
Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov


**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Friday, May 12, 2017 10:07 AM
**To:** Martin, ████ (DOCCS) ; ████ Martin@doccs.ny.gov>
**Cc:** Boulanger, Theresa A (DOCCS) <Theresa.Boulanger@doccs.ny.gov>
**Subject:** RE: CX-19094-16

Good morning sir,

I received the packet back regarding this particular grievance this morning; however, information is still missing. The Use of Force packet was not included, CO Hoffman's memo was not included nor referenced. Also, if any other officers were mentioned in the Use of Force, statements will also be needed from them as well. This information was requested on April 14th, 2017 by Central Office, so if we could complete this as soon as possible it would be greatly appreciated.

Thanks

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Thursday, May 11, 2017 7:45 AM
**To:** Martin, ████ (DOCCS) ████ Martin@doccs.ny.gov>; Santos, Antoinette (DOCCS) <Antoinette.Santos@doccs.ny.gov>
**Cc:** Boulanger, Theresa A (DOCCS) <Theresa.Boulanger@DOCCS.NY.GOV>
**Subject:** RE: CX-19094-16

Good morning sir,

Just sending another friendly reminder, as Albany is requesting the status and/or completion regarding this particular grievance that was originally sent on 04/14/17. Has this been completed as of yet? Please advise.

Thank you

**From:** Surprenant, Tisha L (DOCCS)
**Sent:** Monday, May 08, 2017 7:30 AM
**To:** Martin, ████ (DOCCS) ████ Martin@doccs.ny.gov>
**Cc:** Santos, Antoinette (DOCCS) <Antoinette.Santos@doccs.ny.gov>
**Subject:** FW: CX-19094-16

DEF0810

Sir, I still haven't received this. Please advise. Dep. Santos, were you able to find an answer in regards to the PREA portion?

**From:** Boulanger, Theresa A (DOCCS)
**Sent:** Friday, May 05, 2017 1:18 PM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** FW: CX-19094-16

Hi Tisha,

Please send a status update on the below request.

Thank You,

# Theresa A. Boulanger
Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov



**From:** Boulanger, Theresa A (DOCCS)
**Sent:** Friday, April 14, 2017 9:19 AM
**To:** Surprenant, Tisha L (DOCCS) <Tisha.Surprenant@doccs.ny.gov>
**Subject:** CX--19094-16

Good Morning Tisha,

Please fax/PDF the following:

1. Use of Force packet
2. Lt. Pahl indicates CO's Bence and Coon were involved in the UOF so I will need statements from them addressing the grievance as well as any other officers named in the use of force.
3. CO Meier will need to write an addendum statement addressing the grievant's further allegations of inappropriate language/comments and issuing an MBR in retaliation to a prior complaint.
4. CO Hoffman will need to write a statement addressing the allegation of writing the grievant an MBR in retaliation to a prior complaint.
5. Lastly, Were the grievant's allegations of retaliation for previously reporting sexual harassment reported in accordance with PREA?  If not, it will need to be reported with confirmation it was reported.


DUE 4/21

Thank You,
# Theresa A. Boulanger

4

DEF0811

Inmate Grievance Program Supervisor
**Department of Corrections and Community Supervision**
Harriman State Campus, 1220 Washington Avenue, Albany, NY  12226-2050
(518) 457-1885 (T) I (518) 457-1891 (F) I Theresa.Boulanger@DOCCS.NY.GOV

www.doccs.ny.gov

5

DEF0812