UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAHEEN HAYES,

                                               *Plaintiff*,

        -against-

TIMOTHY DAHLKE, JASON MEIER, GREGORY LANGTRY, STEPHEN BENCE, EDWARD COON, KRISTOPHER HOFFMAN, JAMES IARUSSO, RAYMOND SHANLEY, AND DANIEL MARTUSCELLO,

                                               *Defendants*.

**DECLARATION**

1:16-CV-1368

(TJM/CFH)

---

Stephen A. Bence, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1.    I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS") at Coxsackie Correctional Facility ("Coxsackie") as a Correction Officer. I have been employed as a Correction Officer by DOCCS since January of 2014.

2.    I am a named defendant in this matter and make this declaration in support of Defendants' motion for summary judgment.

3.    The information contained herein is based upon my personal knowledge and a review of records maintained in the ordinary course of business by DOCCS.

4.    I have been informed by counsel that Plaintiff Taheen Hayes (DIN 05-A-3850) alleges that I used excessive force against him on July 30, 2016.

5.    On July 30, 2016, I responded to a Watch Commander Response shortly after 3:00

p.m. on F-3 Division at Coxsackie.  *See generally*, Declaration of Helena O. Pederson ("Pederson Dec."), Exhibit D, pp. DEF0369-391.  It is my understanding that the response was called because Plaintiff had attempted to assault Defendant Meier.  *See id.*

6. Upon information and belief, one Correction Officer at first used his body weight to restrict Plaintiff's movement, until at least one of Plaintiff's arms could be secured, because Plaintiff was resisting that Officer's attempts to regain control of the situation. *Id.*, p. DEF0376. Next, a second Correction Officer secured Plaintiff's right arm behind his back, *id.*, p. DEF0378.

7. When I arrived, I assisted those Officers by securing Plaintiff's left arm behind his back until mechanical restraints could be applied.  *Id.*, p. DEF0380.

8. After both of Plaintiff's arms were safely secured behind his back, a third Correction Officer applied mechanical restraints to Plaintiff's wrists.  *Id.*, p. DEF0381.

9. Upon information and belief, Plaintiff was then escorted to the medical department by a fourth Correction Officer.  *Id.*, p. DEF0382.

10. I had no further interaction with Plaintiff on July 30, 2016.

11. I created a memorandum documenting my actions on July 30, 2016, according to normal and ordinary DOCCS procedure following a Use of Force incident.  Pederson Dec., Exhibit D, pp. DEF0379-380.

12. The minimal force I used to secure Plaintiff's left arm behind his back was necessary and appropriate under the circumstances, given his attempted assault on staff and resistance to staff attempts to regain control of the situation.

13. Aside from the minimal force I used to secure Plaintiff's left arm, I never struck, pushed, kicked, or otherwise used any physical force against Plaintiff on July 30, 2016.

14. I acted professionally and in accordance with DOCCS rules, regulations, directives, and procedures at all times.

15. Based upon the forgoing, I respectfully request that the Court grant defendants' motion for summary judgment.

Dated: August 16, 2018
Coxsackie, New York

Stephen A. Bence