UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAHEEN HAYES,

                                *Plaintiff*,

            -against-

TIMOTHY DAHLKE, JASON MEIER, GREGORY LANGTRY, STEPHEN BENCE, EDWARD COON, KRISTOPHER HOFFMAN, JAMES IARUSSO, RAYMOND SHANLEY, AND DANIEL MARTUSCELLO,

                                *Defendants*.

**DECLARATION**

1:16-CV-1368

(TJM/CFH)

---

        Timothy Dahlke, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

        1.    I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). I have been so employed for approximately 12 years.

        2.    I currently hold the position of Correction Officer at Coxsackie Correctional Facility ("Coxsackie"), and at the time of the events at issue in this lawsuit, I was a Correction Officer at Coxsackie. I have held this position since October 30, 2006.

        3.    I am a named defendant in this matter and make this declaration in support of Defendants' motion for summary judgment.

        4.    The information contained herein is based upon my personal knowledge and a review of records maintained in the ordinary course of business by DOCCS.

1

5.It is my understanding that Plaintiff Taheen Hayes (DIN 05-A-3850) alleges that on April 15, 2016, I subjected him to sexual assault and made sexually-explicit comments when I conducted a pat-frisk of Plaintiff during a pre-authorized search of his cell.

6.Plaintiff's allegations are false.

7.The presence of contraband within a facility and its subsequent possession and/or use by inmates threatens the security of the facility, endangers the safety of inmates, employees, visitors, and the community, and impairs rehabilitation programs.  *See* DOCCS Directive 4910, attached to the Declaration of Helena O. Pederson ("Pederson Dec.") as Exhibit F.

8.Routine periodic searches of inmate living quarters and their persons are essential to the discovery and elimination of contraband.  *See id*.

9.On April 15, 2016, I performed a routine cell search on Plaintiff's cell.  Pederson Dec., Exhibit B, pp. DEF0701, DEF0703.

10.The cell search was a scheduled search and had been pre-approved and assigned by the Deputy Superintendent of Security.  *Id*.

11.Pursuant to DOCCS Directive 4910, inmates subject to a cell search "shall be pat frisked and may also be scanned with a hand-held metal detector."  *See* Pederson Dec., Exhibit F, Section V(A)(3).

12.Accordingly, prior to searching Plaintiff's cell on April 15, 2016, I conducted a pat frisk of Plaintiff.  *See* Pederson Dec., Exhibit B, p. DEF0703.

13.Upon opening Plaintiff's cell, I ordered him to step out of the cell to be pat frisked, and advised him that I would be searching his cell.  *Id*.

14. I was taught to conduct pat frisks by patting down an inmate's arms, shoulders, chest, back, each leg, in between each leg, and along the front of his pants' zipper, all outside of the inmate's clothing. This procedure complies with DOCCS Directive 4910 and is how I conduct all pat frisks. *See* Pederson Dec., Exhibit F, Section III(B)(1).

15. The standards for inspection of an inmate's person allow for contact through the clothing with the genitalia, groin, breast, inner thighs, and buttocks. *See id*. Indeed, such contact is a necessary component of a thorough pat frisk and would have been expected for a pat frisk conducted in 2016. *See id*.

16. I conducted the pat frisk of Plaintiff on April 15, 2016 without incident and found no contraband. Pederson Dec., Exhibit B, pp. DEF0701, DEF0703. After the pat frisk, I ordered Plaintiff to stand on the wall to observe his cell being searched. *Id*., p. DEF0703. I then conducted a cell search and found no contraband. *Id*. Plaintiff was returned to his cell upon completion of the search without incident. *Id*.

17. To the extent I may have made contact with Plaintiff's genitalia and/or buttocks during the pat frisk, as is common procedure, such contact was minimal and solely as a result of conducting a pat frisk pursuant to a routine cell search.

18. Contrary to Plaintiff's allegations, I did not press my lower body against Plaintiff's buttocks during the pat frisk. I also did not make any sexual comments or derogatory statements towards Plaintiff during or after the pat frisk. I did not harass him in anyway.

19. The pat frisk I conducted on April 15, 2016 was compliant with DOCCS Directive 4910.

20. I acted professionally and in accordance with DOCCS rules, regulations, directives, and procedures at all times.

21. Based upon the forgoing, I respectfully request that the Court grant Defendants' motion for summary judgment.

Dated: August 15, 2018
Coxsackie, New York

Timothy Dahlke