UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TAHEEN HAYES,

                                        *Plaintiff*,

                    -against-

TIMOTHY DAHLKE, JASON MEIER, GREGORY
LANGTRY, STEPHEN BENCE, EDWARD COON,
KRISTOPHER HOFFMAN, JAMES IARUSSO,
RAYMOND SHANLEY, AND DANIEL
MARTUSCELLO,

                                        *Defendants*.

_____

**DECLARATION**

1:16-CV-1368

(TJM/CFH)

        Kristopher Hoffman, on the date noted below and pursuant to § 1746 of title 28 of the

United States Code, declares the following to be true and correct under penalty of perjury under

the laws of the United States of America:

        1.      I am employed by the New York State Department of Corrections and Community

Supervision ("DOCCS").  I have been so employed for approximately 8.5 years.

        2.      I currently hold the position of Correction Officer at Coxsackie Correctional

Facility ("Coxsackie"), and at the time of the events at issue in this lawsuit, I was a Correction

Officer at Coxsackie.  I have held this position since January 11, 2010.

        3.      I am a named defendant in this matter and make this declaration in support of

Defendants' motion for summary judgment.

        4.      The information contained herein is based upon my personal knowledge and a

review of records maintained in the ordinary course of business by DOCCS.

1

5.      It is my understanding that Plaintiff Taheen Hayes (DIN 05-A-3850) alleges in this lawsuit that on May 15, 2016, I wrote Plaintiff a falsified misbehavior report in retaliation for a complaint he had previously filed under the Prison Rape Elimination Act ("PREA") against Defendant Dahlke for an alleged sexual assault (the "PREA Complaint").

6.      On May 15, 2016, I wrote Plaintiff a Tier II misbehavior report for the following violations: creating a disturbance; refusing a direct order; harassment; lying; and threats.  Dkt. No. 12-1, p. 4.  As I wrote in the report, while I made rounds in A3 Division at Coxsackie on May 15, 2016, I overheard Plaintiff yelling to another inmate about calling the PREA hotline to make bogus complaints in order to cause trouble for staff.  *See id*.  I gave him a direct order to stop yelling.  *Id*. When Plaintiff said he was not yelling, I told him I had overheard his conversation and gave him a second direct order to stop yelling.  *Id*.  Plaintiff then cursed at me and threatened to file a complaint or lawsuit against me ("Man, fuck you, I will put your ass on paper too.").  *Id*.

7.      Contrary to Plaintiff's allegations, there were no false charges in my report and it is my understanding that the misconduct described in the report was corroborated during a subsequent investigation.  Declaration of Helena O. Pederson ("Pederson Dec."), Exhibit B, p. DEF0700.

8.      I have been informed by counsel that the May 15, 2016 misbehavior report was later expunged.  *See* Pederson Dec., Exhibit A, pp. DEF0742-743.

9.      However, I do not know why the May 15, 2016 misbehavior report was expunged. Decisions to expunge misbehavior reports are not up to me.

10.     I did not write the misbehavior report to retaliate against Plaintiff for the PREA Complaint against Defendant Dahlke.  At the time that I wrote the May 15, 2016 misbehavior report, I was not aware of the PREA Complaint.

11.     I wrote the misbehavior report solely based on misconduct that I observed.

12.     The misbehavior report was compliant with DOCCS procedures.

13.     I acted professionally and in accordance with DOCCS rules, regulations, directives, and procedures at all times.

14.     Based upon the forgoing, I respectfully request that the Court grant Defendants' motion for summary judgment.


Dated: August 14, 2018
       Coxsackie, New York

Kristopher Hoffman

3