UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAHEEN HAYES,

                                  *Plaintiff*,

       -against-

TIMOTHY DAHLKE, JASON MEIER, GREGORY LANGTRY, STEPHEN BENCE, EDWARD COON, KRISTOPHER HOFFMAN, JAMES IARUSSO, RAYMOND SHANLEY, AND DANIEL MARTUSCELLO,

                                  *Defendants*.

**DECLARATION**

1:16-CV-1368

(TJM/CFH)

---

James Iarusso, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1. I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). I currently hold the position of Correction Classification Analyst in the Office of Classification and Movement, DOCCS. I have held this position since March of 2017.

2. I am a named defendant in this matter and make this declaration in support of Defendants' motion for summary judgment.

3. The information contained herein is based upon my personal knowledge and a review of records maintained in the ordinary course of business by DOCCS.

4. It is my understanding that Plaintiff Taheen Hayes (DIN 05-A-3850) alleges that on July 12, 2016, I retaliated against him by discarding his grievance against Defendant

1

Martuscello (Superintendent of Coxsackie Correctional Facility ("Coxsackie") at that time) and Defendant Shanley (Deputy Superintendent of Security of Coxsackie at that time).

5.    At the time of the events at issue in this lawsuit, I was an Offender Rehabilitation Coordinator ("ORC") at Coxsackie. I held that position for approximately 4 years.

6.    As an ORC, I interviewed inmates on a quarterly basis or as needed to determine counseling needs and make program recommendations, and provided inmates with ongoing individual and group counseling relative to personal, social, institutional, behavioral and disciplinary issues. I also served as a facility base link between the Board of Parole, criminal justice agencies and law enforcement and assigned field staff to develop a post-release supervision plan. It was not my responsibility to file inmate grievances as an ORC.

7.    The filing of inmate grievances is handled by the Grievance Clerk and Inmate Grievance Program ("IGP") Supervisor. I never served in the role of Grievance Clerk and did not consistently serve in the role of Acting IGP Supervisor in 2016. My official role was as an ORC.

8.    In July of 2016, I sometimes worked as a substitute Acting IGP Supervisor at Coxsackie, when the regular Acting IGP Supervisor was on vacation. (At that time, another staff member and I alternated and shared the responsibilities of filling in for the regular Acting IGP Supervisor as necessary.)

9.    When I worked as a substitute Acting IGP Supervisor, I supervised Grievance Clerks, coordinated, supervised and enforced the IGP, and responded to questions regarding to the legitimacy of grievances filed under the IGP. I also filed inmate grievances in this role and ensured that all necessary information regarding an inmate's grievance was available for consideration by the Superintendent.

10. On July 12, 2016, I was working as a Staff Representative for the IGP. Declaration of Helena O. Pederson ("Pederson Dec."), Exhibit A, pp. DEF0752, 754. I was not working as the substitute Acting IGP Supervisor on that date. *Id.*

11. As an IGP Staff Representative, my duties included attending grievance hearings with the Inmate Grievance Review Committee, as scheduled by the Inmate Grievance Supervisor, to determine a possible resolution for inmates' grievance complaints. It was not my responsibility to file inmate grievances as an IGP Staff Representative.

12. On July 12, 2016, Plaintiff attended a grievance hearing on his complaint about mail in the Special Housing Unit ("SHU"). Pederson Dec., Exhibit A, p. DEF0754.

13. Prior to the hearing, Plaintiff attempted to discuss other grievances, including a grievance against Defendant Martuscello, and persisted with those attempts even after I told him – more than once – that I would look into such grievances at a later date, since the purpose of the hearing was to discuss his grievance about SHU mail. *Id.* Plaintiff was improperly hindering the grievance process by ignoring my assurances that I would look into his other grievances at a later date. *See id.*, pp. DEF0752-754.

14. As part of a broader exchange, after Plaintiff's persistent questions and demands about other grievances, I told Plaintiff that I, personally, would not file a grievance against the Superintendent. *Id.*, p. DEF0753. I believe Plaintiff mistook this personal inclination to mean that I would not file Plaintiff's grievance against the Superintendent. *Id.*

15. Contrary to Plaintiff's allegations, I did not tell Plaintiff I that would not file his grievance against Defendants Martuscello and Shanley.

16. I did not raise my voice or act in a belligerent manner towards Plaintiff.

3

17. I did not express my personal opinion about filing grievances against the Superintendent out of any retaliatory animus. I had no intention of deterring Plaintiff from filing grievances against any level of staff at Coxsackie.

18. I did not threaten to discard Plaintiff's grievance against Defendants Martuscello and Shanley.

19. I did not discard Plaintiff's grievance against Defendants Martuscello and Shanley.

20. In fact, Plaintiff's grievance against Defendants Martuscello and Shanley was filed – it was combined with his grievance regarding an alleged loss of programs in Grievance No. CX-19054-16, which was filed on July 25, 2016. *See generally*, Pederson Dec., Exhibit A, pp. DEF0761-774.

21. I never took any retaliatory actions against Plaintiff for writing multiple grievances at Coxsackie.

22. I acted professionally and in accordance with DOCCS rules, regulations, directives, and procedures at all times.

23. Based upon the forgoing, I respectfully request that the Court grant Defendants' motion for summary judgment.

Dated: August 15, 2018
Albany, New York

_____
James Iarusso

TAYLER DIBIASE
Notary Public, State of New York
No. 01DI6364512
Qualified in Albany County
Commission Expires 9/18/2021

Tayler DiBiase

4