UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAHEEN HAYES,

                              *Plaintiff*,

-against-

TIMOTHY DAHLKE, JASON MEIER, GREGORY LANGTRY, STEPHEN BENCE, EDWARD COON, KRISTOPHER HOFFMAN, JAMES IARUSSO, RAYMOND SHANLEY, AND DANIEL MARTUSCELLO,

                              *Defendants*.

**DECLARATION**

1:16-CV-1368

(TJM/CFH)

---

Daniel Martuscello, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

1. I am currently retired. Previously, I was employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), most recently as the Superintendent of Coxsackie Correctional Facility ("Coxsackie"). I was the Superintendent of Coxsackie from April of 2010 until my retirement on January 31, 2018.

2. I am a named defendant in this matter and make this declaration in support of Defendants' motion for summary judgment.

3. The information contained herein is based upon my personal knowledge and a review of records maintained in the ordinary course of business by DOCCS.

4. It is my understanding that Plaintiff Taheen Hayes (DIN 05-A-3850) alleges that: on May 23, 2016, while I was on rounds with Defendant Shanley (Deputy Superintendent of

1

Security at that time) in the Special Housing Unit ("SHU"), Plaintiff informed us that Defendant Meier had written a fabricated misbehavior report against him and had threatened him with physical harm on May 16, 2016; we advised Plaintiff to handle this issue through the disciplinary process; and, by allegedly ignoring Plaintiff's complaint about Defendant Meier, Defendant Shanley and I failed to protect him from an alleged assault by Defendant Meier that occurred on July 30, 2016. *See* Am. Compl., Dkt. No. 12, ¶¶ 32-33, 53-60. I understand that Plaintiff also alleges that on June 11, 2016, I yelled at him for writing complaints to outside agencies and threatened him with deferred SHU time in retaliation for filing numerous grievances. *See id.*, ¶¶ 39-41.

5. There is no basis for Plaintiff's allegations against me.

6. First, according to DOCCS procedure, an inmate's verbal complaints of threats by a Correction Officer are delegated to a Sergeant for investigation. Accordingly, as Superintendent, I had no involvement in investigating such complaints.

7. While I do not specifically recall speaking to Plaintiff about any alleged threats by Defendant Meier in May of 2016, there is no reason to believe that the process for verbal complaints did not occur here.

8. I have been informed by counsel that one of Plaintiff's exhibits to his Amended Complaint confirms that I took steps to address his concerns and that they were being handled by other staff. *See* Dkt. No. 12-2, p. 13. Thus, contrary to Plaintiff's allegations, I did not fail to act on his verbal complaints.

9. Second, an inmate who has been penalized with time in SHU may have any portion of that time deferred up to 180 days. The Hearing Officer who handles the disciplinary hearing

2

makes the decision to defer time. If the inmate has no disciplinary infractions during the deferral period, the penalty is expunged. However, if the inmate has a subsequent disciplinary infraction during the deferral period, the deferred time may be invoked following a hearing on the subsequent disciplinary infraction. The Hearing Officer, at his or her discretion, makes the decision to invoke deferred time following the hearing on the subsequent disciplinary infraction.

10. As Superintendent, I was not conducting disciplinary hearings and was not making decisions as to whether to invoke inmates' deferred SHU time.

11. While I do not recall meeting with Plaintiff on June 11, 2016, at no time did I threaten Plaintiff with deferred SHU time. As Superintendent, I would not have been in a position to invoke Plaintiff's deferred SHU time.

12. At no time did I yell at Plaintiff for writing complaints to outside entities.

13. I do recall that Plaintiff had several disciplinary infractions at Coxsackie. *See e.g.*, Declaration of Helena O. Pederson, Exhibit C, p. DEF0213. Accordingly, I believe that to the extent I even discussed Plaintiff's deferred SHU time at any point, it would have been to remind him of the rules for deferred SHU time: that if he received a misbehavior report for a disciplinary infraction while he had deferred SHU time, the Hearing Officer could decide to invoke that deferred SHU time.

14. I did not take any retaliatory actions against Plaintiff and never made any attempts to deter him from filing grievances.

15. I acted professionally and in accordance with DOCCS rules, regulations, directives, and procedures at all times.

3

16.    Based upon the forgoing, I respectfully request that the Court grant Defendants' motion for summary judgment.

Dated: August 16, 2018
Troy, New York

*/s/ Daniel Martuscello*
Daniel Martuscello