UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAHEEN HAYES,
                    PLAINTIFF

        - AGAINST -

TIMOTHY DAHKLE, SASON MEIER, GREGORY LANTRY,
STEPHEN BENCE, EDWARD COON, KRISTOPHER HOFFMAN,       1:16-CV-1368
JAMES IARZUSSO, RAYMOND SHANLEY, AND DANIEL              (TJM/CFH)
MARTUSCELLO
                              DEFENDANTS

---

PLAINTIFF'S OBJECTIONS TO CHRISTIAN F. HUMMEL U.S. MAGISTRATE JUDGE, REPORT-RECOMMENDATION AND ORDER TO DEFENDANTS MOTION FOR PARTIAL SUMMARY JUDGMENT.

PLAINTIFF OBJECT TO THE DISMISSAL WITH PREJUDICE TO THE FOLLOWING CLAIMS

(1) INSOFAR AS IT SEEKS DISMISSAL FOR PLAINTIFF'S TO EXHAUST HIS FIRST AMENDMENT RETALIATION CLAIMS, EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS, AND SUPERVISORY LIABILITY CLAIMS.

(2) INSOFAR AS IT SEEKS DISMISSAL OF PLAINTIFF'S EIGHTH AMENDMENT SEXUAL ASSAULT CLAIM AGAINST C.O. DAHKLE

(3) FIRST AMENDMENT RETALIATION CLAIMS AGAINST C.O. HOFFMAN, SUPT. MARTUSCELLO, AND O.R.C. IARZUSSO

(4) EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS AGAINST C.O. BENCE AND C.O. COON

(5) EIGHTH AMENDMENT SEXUAL ASSAULT CLAIM AGAINST C.O. DAHKLE

(6) SUPERVISORY LIABILITY CLAIM AGAINST DSS SHANLEY.

# EXHAUSTION

Plaintiff maintains that his administrative remedies was un-available to him.

Judge Hummel clearly points out in his report (p. 20) that this court excused the plaintiff's failure to exhaust his administrative remedies in HIGH V. SWITZ NO. 9:17-CV-1067 (LEK/DJS), 2018 WL 3736794, at *5 (N.D.N.Y July 19 2018), report-recommendation adopted by 2018 WL 3730175 (N.D.N.Y. Aug 6, 2018) when C.O.R.C refuse to follow its own rules and regulations to render a decision on prisoner's grievance's not just during the thirty day time limit but for a period of numerous months thereafter.

As in HIGH V. SWITZ, Plaintiff did write to C.O.R.C see. Exhibit A. Def# 0714 and attach letter dated Nov.16. 2016. from Inmate Grievance Program Director Karen Bellamy.

Both exhibits clearly shows that Plaintiff grievance's was not only answered within the 30 day's time-limit, but also not after the 45 day's in which the D.O.C.C.s Grievance Directive tells prisoner's to contact them. Additional to add to the confusion, on September 22. 2016, Plaintiff was told to address any inquiries about a C.O.R.C Decision or Disposition to C.O.R.C. See Pederson Dec. Exhibit A. p. Def 0755 Then when Plaintiff writes to C.O.R.C, Plaintiff is told to write directly to IGP Supervisor at Coxsackie Corr. Fac.

Second, Judge Hummel rule that Plaintiff's administrative remedies was available even after Plaintiff points to all the evidence in the record of misconduct by the defendants to thwarted his attempts to file grievances.

(2)

Plaintiff provided evidence by four I.G.R.C. representatives that Defendant Iarrusso stated he threw Plaintiff grievances away. See Pederson Dec. Exhibit A. Def. pp. 0760, 0753 and Haye Dec. 47-49.

For the following reason, Plaintiff request this Court to excuse his failure to exhaust his administrative remedies due to the "un-availability"

### Sexual Assault Claims

Plaintiff disagree and object to Judge Hummel dismissal of his sexual assault claim against C.O. Dahkle.

Plaintiff maintain that Defendant Dahkle pressing up on Plaintiff with his genitals while pat-frisking him in a sexual manner is a violation to Plaintiff Eighth Amendment Constitution right. No where in D.O.C.C.S directive for searching prisoner shall an officer place his genitals on a prisoner nor shall an officer dig his hands or fingers in-between a prisoner butt-crack. The mere fact that the Defendant Dahkle made sexual comments and taunts after the sexual assault should determine his intent.

For the following reason, Plaintiff request that Defendant should be denied on Plaintiff Eighth Amendment sexual assault claim.

### Excessive Force

Plaintiff object to Judge Hummel dismissal of his Eighth Amendment excessive force claim

(3)

Defendants Meier and Langtry conceded to the excessive force on Plaintiff which cause injury, however Defendants Bence and Coon denys their involvement too, because Plaintiff was lucky to not suffer more injury or simply injuries to his wrist.

Plaintiff requested in his opposition to defendant partial summary judgement for Judge Hummel to look at the totality of his assault by defendants Meier, Langtry, Coon and Bence. Judge Hummel states that Plaintiff has failed to pre-offer evidence aside from his conclusory allegations, that contradicts defendants account of events.

Plaintiff did offer evidence, which is his Declaration as well as defendants Bence and Coon conflicting interrogatories and admissions see id as well as defendants Meier and Langtry concession and non-denial for summary judgement. Additionally Plaintiff Disposition.

For the following reason, Plaintiff request that Defendant should be denied on Plaintiff Eighth Amendment Excessive Force claim.

## First Amendment Retaliation Claim

### 1. C.O. Hoffman

First Judge Hummel declines to conclude that C.O. Hoffman's May 15 2016 misbehavior report was an adverse action, because it was only one day.

Plaintiff disagree that he was only confined for one-day. The record is clear the the misbehavior report was expunged for unknown reason but not on what date. Plaintiff was still confine as a result of the May 15 2016 MBR and dont know when it was expunged so Plaintiff was always confined since May 15 2016 despite the other M.B.R.

SECOND, I MAINTAIN THAT PLAINTIFF FIT THE #1 (iv) FACTORS OF DETERMINING WHEATER A CAUSAL CONNECTION EXIST BETWEEN THE PLAINTIFFS PROTECTED ACTIVITY AND PRISON OFFICIALS ACTIONS.

PLAINTIFF POINTS OUT IN HIS PL.OPP 7-10, THAT CIRCUMSTANTIAL EVENTS EXIST WHERE DEFENDANT DAHKLE IN FRONT OF OFFICERS AND INMATES HARRASSED PLAINTIFF ON SEXUAL OCCASSIONS MAINLY ON MAY 14,7 15 THAT PLAINTIFF WAS A SNITCH FOR REPORTING THE SEXUAL ASSAULT. AGAIN ON MAY 12, PLAINTIFF SPOKE TO THE OFFICE OF SPECIAL INVESTIGATION ABOUT THE SEXUAL ASSAULT, ON MAY 14 Y 15 DEFENDANT DAHKLE HARRASSED PLAINTIFF FOR REPORTING THE SEXUAL ASSAULT AND ON MAY 16TH 2016 PLAINTIFF IS ISSUES A FALSE MBR ABOUT THE SAME PREA ALLEGATION. THEN PLAINTIFF NEVER GO'S TO A DISCIPLINARY HEARING AND THE MAY 16TH 2016 MBR IS EXPUNGED FOR UN-KNOWN REASON AND ON A UNKNOWN DATE.

FURTHER ON TWO DIFFERENT OCCASSIONS, DEFENDANT HOFFMAN MADE COMMENTS THAT YOU MESSED WITH ONE OF THE C.O'S YOU GOT TO DEAL WITH ALL OF US AND THAT PLAINTIFF SHALL STOP COMPLAINING THE MISDEHAVIOR REPORT DON'T EXIST.

~~FOR OTHER FORWARD~~

2. SUPT. MARTUSCELLO

PLAINTIFF OBJECT TO JUDGE HUMMEL DISMISSAL OF FIRST AMENDMENT RETALIATION CLAIM AGAINST SUPT. MARTUSCELLO AND ASK THIS COURT TO REVIEW THE CONTEXT AND SPECIFICITY OF SUPT. MARTUSCELLO STATEMENTS AND INTENT.

(5)

### 3. O.R.C. IARUSSO

Judge Hummel I believe over-looked Plaintiff whole argument and failed to review the whole record on this claim.

Plaintiff pointed out in his Pl. Opp. 11-12 that Defendant Iarrusso in the position of Acting Inmate Grievance Program Supervisor tired to discourage Plaintiff to file grievances and dis-carded Plaintiff grievances on July 7, 2016.

Defendant Iarrusso confessed and bragged about dis-carded Plaintiff grievances on July 12, 2016.

Judge Hummel point out Defendant position that Defendant Iarrusso on July 12, 2016 as a IGP staff representative was not his responsibility to file Plaintiff grievance's, this is true however Plaintiff submitted these grievance's on June 11, 15th 2016 when Defendant Iarrusso was acting IGPS and it was his responsible. Additionally, Judge Hummel also gives credit to that fact that Plaintiff grievances that was admitted by Defendant Iarrusso grievances was latered filed. Plaintiff ask this court to examining that position. Just because I had a spear copy and had to complaind to the Inmate Grievance Program Supervisor and D.O.C.C.S. Commissioner to make sure my grievances was filed doesn't procure Defendant Iarrusso intentionally dis-carding of my grievances. See id

For the following reasons, I ask that Defendant's partial motion for summary judgement for First Amendment retaliation claim is denied.

(6)

## SUPERVISORY LIABILITY

Plaintiff do not want to burden this court with a legal reach, however Plaintiff point to Pederson Dec. Exhibit A. Def# 0734-0735, where Plaintiff make the Grievance problem aware of D.S.S. Shanley failure to protect claim and again in a reference to this same Grievance in Pederson Dec. Exhibit A. Def# 0778-0781.

For the following reason, Plaintiff request that the Report-Recommendation-Order from Judge Hummel is Reverse.

Dated: Dec. 16. 2018

Respectfully Submitted.
Tahsen Hayes.

Tahsen Hayes, Pro se
Elmira Corr. Fac.
P.O. Box
Elmira, NY 14902

CC. File
Helena O. Pederson, AAG.

(7)